OPINION
{¶ 1} Plaintiff-appellant Paul Monea appeals from the November 15, 2004, Magistrate's Recommendations/Judgment Entry of the Stark County Court of Common Pleas which granted defendant-appellee Gina Campisi's Motion to Enforce Settlement.
 STATEMENT OF THE CASE {¶ 2} This lawsuit arose out of the formation and operation of a business known as Malibu Beach Tans, LLC. On May 27, 2004, appellant, Paul Monea, who is currently incarcerated, filed a complaint in an attempt to force the appellee, Gina Campisi, out of this business. Appellant claimed that he was the sole owner of the business. On June 16, 2004, appellee filed her Answer along with a Counterclaim against appellant. In the counterclaim, appellee alleged, among other things, that appellant had given her this business as a gift and had continued to fund the business as part of their ongoing personal relationship.
 {¶ 3} In addition, appellee brought a third-party complaint against Tommel Financial Services, Inc. and Fitzpatrick Enterprises. Third-party defendant, Fitzpatrick Enterprises, was the owner and landlord at the premises where Malibu Beach Tans conducted business. Fitzpatrick had threatened to evict Malibu Beach Tans for nonpayment of rent. According to appellee's third party complaint, Tommel Financial Services had asserted alleged security interests in the tanning beds utilized by Malibu Beach Tans.
 {¶ 4} On October 20, 2004, appellee Campisi filed a motion for temporary restraining order seeking an order prohibiting an eviction until such time as the issues in this case could be resolved between the parties. A hearing on the motion for a restraining order was scheduled for October 25, 2004. However, on the day of the hearing, the Magistrate entered an Order which indicated that "[a]fter discussions, the parties were able to come to an acceptable agreement. Accordingly, [appellee's] motion for a temporary restraining order is MOOT." (Emphasis original)
 {¶ 5} Subsequently, on November 8, 2004, appellee filed a Motion to Enforce Settlement. Appellee's motion was supported by a sworn affidavit of appellee's counsel and exhibits. Appellee claimed that a settlement had been reached at the October 25, 2004, conference. According to appellee, the parties had agreed that appellant would pay the third-party defendant, Fitzpatrick Enterprises, the sum of $7,500 by Monday, November 1, 2004. This was in consideration for Fitzpatrick agreeing not to proceed with the eviction. Further, appellee alleged that appellant and the appellee, through their respective counsel, agreed that appellee would take over the day-to-day operation of the business. According to appellee, appellant also agreed that he would pay to appellee the sum of $50,000 as a full and final settlement of all pending claims in the lawsuit. Specifically, appellant was to pay $25,000 in a lump sum upon the signing of a settlement agreement and the remaining $25,000 was to be paid at the rate of $2,000 every two weeks for a period of six months. Appellee claimed that a written settlement agreement to that effect was subsequently faxed to appellant. However, according to appellee's motion, appellant, through counsel, denied there was a settlement agreement.
 {¶ 6} On November 15, 2004, a hearing was held before a Magistrate on the Motion to Enforce Settlement. That same day, November 15, 2004, the trial court issued a Magistrate's Recommendations/Judgment Entry enforcing the alleged settlement between appellant and appellee.[1] The Magistrate's Recommendations/Judgment Entry was signed by both the Magistrate and the Judge.
 {¶ 7} It is from the November 15, 2004, Magistrate's Recommendations/Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING TO RESOLVE THE PARTIES DISPUTES REGARDING THE EXISTENCE OF A SETTLEMENT AGREEMENT."
 {¶ 9} The hearing on the motion to enforce settlement was heard by a Magistrate. Magistrates' decisions are controlled by Civ. R. 53(E). Once a Magistrate issues a decision, a party has fourteen days in which to file objections to the magistrate's decision. Civ. R. 53(E)(3)(a). If a party does not file objections, that party cannot appeal the court's adoption of any finding of fact or conclusion of law. Civ. R. 53(E)(3)(b). Thus, in this case, if appellant disagreed with the Magistrate's findings of fact or conclusions of law, he had 14 days from that filing date to file objections. However, appellant did not file objections. Accordingly, appellant is foreclosed from pursuing an appeal concerning any of the findings of fact or conclusions of law.
 {¶ 10} However, appellant does not challenge a finding of fact or conclusion of law. Appellant challenges the procedure used in the hearing on the motion. Specifically, appellant contends that the trial court erred by failing to conduct an evidentiary hearing, in violation of Rulliv. Fan Company (1997), 79 Ohio St.3d 374, 377, 683 N.E.2d 337. We find that such an issue was not waived by appellant's failure to file an objection in the trial court.
 {¶ 11} However, this court finds that the issue was waived nonetheless. The record shows no indication that appellant requested an evidentiary hearing or objected to the nature of the proceedings. An appellate court need not consider any error which counsel could have, but did not call to the trial court's attention at a time when the error could have been avoided or corrected. First Fed. S. L. Assn. of Akronv. Cheton Rabe (1989), 57 Ohio App.3d 137, 144, 567 N.E.2d 298, 304; See, also, State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168,522 N.E.2d 524. Appellant waived his right to an evidentiary hearing by failing to request such a hearing or to object to the lack of an evidentiary hearing.
 {¶ 12} Accordingly, appellant's assignment of error is overruled.
 {¶ 13} The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] On January 6, 2005, appellant filed a motion for partial remand. This court granted the motion. Subsequently, the November 15, 2004, Judgment Entry was amended to include the language that "this is a final appealable order [and] there is no just cause for delay." Jan. 5, 2005, Judgment Entry.