DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following the judgment of the Erie County Court of Common Pleas, Juvenile Division, amending the parties' shared parenting plan. For the reasons set forth herein, we reverse and remand.
 {¶ 2} The relevant facts are as follows. The allocation of the parties' parental rights relative to their minor child was subject to an October 8, 1999 shared parenting decree entered by the trial court. On May 22, 2003, appellee Michelle S. filed a motion to modify shared parenting plan. On August 28, 2003, appellant Eduardo T. filed his own motion to modify the existing shared parenting plan. While these competing motions were pending, on March 3, 2004, the trial court entered a judgment entry designating appellant as emergency temporary residential parent for school enrollment purposes. A March 23, 2004 consent entry continued this order. On June 24, 2004, appellee dismissed her motion to modify the shared parenting plan.
 {¶ 3} On November 29, 2004, the parties notified the trial court that they had reached a settlement on the matters pending from appellant's motion to modify the existing shared parenting plan, including issues related to child support. A January 26, 2005, notice by the trial court to the parties seems to confirm this by stating:
 {¶ 4} "Pursuant to previous notice by the Court, you were to have submitted a JUDGMENT ENTRY. Unless said JUDGMENT ENTRY is submitted within ten (10) days of the date hereof, the Court will on its own motion, dismiss the motion/case."
 {¶ 5} However, subsequent to the November 29, 2004 alleged settlement, the parties realized that two child support calculation issues had not been addressed and a dispute arose out of them. Based on this dispute, appellee refused to sign the judgment entry of settlement that appellant's counsel had drafted.
 {¶ 6} On March 25, 2005, appellant filed a motion to enforce the settlement agreement. Attached to the motion was a copy of the judgment entry drafted by appellant's attorney. On April 6, 2005, the trial court scheduled a hearing on appellant's motion to enforce the settlement agreement for May 23, 2005.
 {¶ 7} There is no record of any proceeding taking place on May 23, 2005. There is no entry for this date on the docket sheet.
 {¶ 8} On June 16, 2005, the trial court entered an amended shared parenting decree essentially adopting a plan drafted by appellee's attorney. The decree stated, "[t]his matter came before the court upon the agreement of the Mother and Father * * *."
 {¶ 9} In his single assignment of error, appellant asserts:{¶ 10} "The trial court erred and committed reversible error when it failed to hold an evidentiary hearing on the Appellant's Motion to Enforce Settlement Agreement."
 {¶ 11} Appellant argues that the trial court failed to conduct an evidentiary hearing on the disputed settlement terms as required by Rulli v. Fan Company (1997), 79 Ohio St.3d 374. It is true, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment."Rulli at 377; See also Watson v. Watson (May 14, 1999), 6th Dist. No. OT-98-029 citing Zigmont v. Toto (1988),47 Ohio App.3d 181, 185. Citing State v. Williams (1977),51 Ohio St.2d 112, appellee asserts that appellant waived his right to appeal any claimed procedural error by failing to raise an objection with the trial court during the 24 days between the scheduled May 23, 2005 hearing date and the June 16, 2005 adoption of appellee's shared parenting plan by the trial court. Further, appellee asserts that since no transcript of any May 23, 2005 proceeding exists, appellant was required to provide a statement of the proceedings pursuant to App.R. 9(C) from which to review the trial court's conduct.
Finally, appellee asserts that the failure of either party to object to the trial court concerning any May 23, 2005 proceedings suggests that in fact, there was an evidentiary hearing on that day.
 {¶ 12} The record reveals that there is a dispute either as to the terms of the parties' settlement agreement or that contests the very existence of a settlement agreement which required an evidentiary hearing. Appellant asserts that at the time of the November 29, 2004 alleged oral settlement agreement, the terms were incomplete, having failed to address a particular child support guideline worksheet adjustment and the date for commencement of appellee's child support order. Essentially, appellant contends that the parties had a settlement agreement with regard to all terms except for these two narrow child support issues. We find that the trial court should have held an evidentiary hearing on these issues.
 {¶ 13} Nevertheless, appellee argues that appellant's assignment of error fails because there was no App.R. 9(C) statement filed in this case. In Watson, after the parties entered into an in-court settlement agreement in a divorce case, a dispute arose as to the agreement. A hearing was held regarding the parties' dispute as to which judgment entry correctly reflected the parties' settlement agreement. No transcript of this hearing was submitted to this court, nor apparently, was a statement of the proceedings pursuant to App.R. 9(C). The appellant appealed alleging abuse of discretion after the trial court entered a judgment entry that the appellant alleged did not accurately reflect the parties' settlement agreement. We held that when parties enter into an in-court settlement agreement, and one party later disputes the terms of the agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms. Id. citing Zigmont v. Toto (1988), 47 Ohio App.3d 181, 185. However, we also found that pursuant to Knapp v. EdwardLaboratories (1980), 61 Ohio St.2d 197, 199, a transcript of the hearing regarding the dispute or in the alternative, a statement pursuant to App.R. 9(C) was necessary for the resolution of the assigned errors. Therefore, because the appellant failed to submit either of these, this court presumed the validity of the trial court's actions and found the appellant's assignments of error not well-taken.
 {¶ 14} In contrast to Watson, there is absolutely no evidence in the record that there was a hearing at all. An entry in the docket sheet for this day does not even exist. Under these circumstances, we do not fault appellant for failing to file an App.R. 9(C) statement for a hearing that never occurred.
 {¶ 15} Appellee also contends that appellant waived his right to raise the procedural error of the trial court. In Monea v.Campisi, 5th Dist. No. 2004CA00381, 2005-Ohio-5215, a magistrate's order indicated that the parties allegedly had entered into a settlement agreement arising out of a dispute over the ownership of a business. Subsequently, the appellee filed a motion to enforce settlement. A week later, a hearing was held on the motion to enforce settlement. That same day, the trial court issued a magistrate's recommendations/judgment entry enforcing the alleged settlement agreement between the parties. The appellant appealed from this order, alleging that the trial court erred by failing to hold an evidentiary hearing to resolve the parties' disputes regarding the existence of a settlement agreement. The court found that the record showed no indication that the appellant requested an evidentiary hearing or objected to the nature of the proceedings. Therefore, the appellant waived his right to an evidentiary hearing by failing to request such a hearing or to object to the lack of an evidentiary hearing. Id. at ¶ 11.
 {¶ 16} In the present case, in contrast to Monea, the record indicates that appellant requested a hearing to resolve the two disputed child support issues. In his motion to enforce settlement, appellant specifically requested that the court schedule a hearing. Further, Monea was based on a Civ.R. 53(E)(3)(a) requirement for objections to a magistrate's decision. In the present case, we cannot discern from the record that there was any proceeding on the scheduled date of May 23, 2005, much less that a magistrate presided. Therefore, we find that appellant did not waive his right to an evidentiary hearing by failing to file objections in the trial court. Appellant's assignment of error is well-taken.
 {¶ 17} The judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.