DECISION AND JUDGMENT
{¶ 1} In this accelerated appeal, appellant, Scott Salsbury, [1]
appeals from a judgment of the Lucas County Court of Common Pleas granting appellees, Joseph Goodell, Gary Vancleef and Royal Homes Inc.'s, "motion to enforce settlement *Page 2 
agreement", and dismissing the case with prejudice. For the reasons that follow, we reverse.
 {¶ 2} This case began in 2006, when Eric Wertzbaugher and appellant filed a complaint for money damages against appellees. Wertzbaugher, appellant and appellees, Goodell and Vancleef, were shareholders in appellee, Royal Homes Inc. Wertzbaugher and appellant's complaint alleged a breach of fiduciary duty on the part of appellees.
 {¶ 3} A jury trial commenced on April 14, 2008. Shortly thereafter, Wertzbaugher settled his claims with appellees. On April 25, 2008, following their case in chief, appellees filed a motion for directed verdict as to appellant's remaining claims. On April 28, 2008, appellant filed a motion in opposition.
 {¶ 4} Also on April 28, 2008, the parties held a settlement discussion which was transcribed for the record in this case. According to the transcript, as read into the record by appellees' counsel, the parties reached the following settlement:
 {¶ 5} "I'll confirm for the record, your honor, that the parties have reached a mutual resolution of all remaining issues pending before the court including claims, counterclaims as well as any claims by the party, either party had or could have had even if those claims were not known or foreseen prior to this date * * * .
 {¶ 6} "* * * the parties have agreed that they will be subject to a mutual confidentiality provision whereby they cannot disclose the terms of any settlement reached here today. Execution of a settlement agreement that incorporates these terms *Page 3 
that includes the mutual release as well as the requirement that this case be dismissed with prejudice."
 {¶ 7} The trial judge announced that the case would be dismissed with prejudice as soon as a judgment entry was submitted with the specific terms of the settlement. Once the settlement agreement was reduced to writing, appellant refused to execute the agreement. On June 3, 2008, appellees filed a motion to enforce the settlement agreement. The trial court granted the motion and ordered appellant to sign and comply with the agreement. The trial court also ordered the case dismissed with prejudice. Appellant now appeals setting forth the following assignments of error:
 {¶ 8} "I. The trial court erred in finding that the written `settlement agreement and mutual release' prepared by defendants' counsel `reflects the terms of the oral settlement agreement reached during trial and read into the record' and ordering plaintiffs to sign and comply with the terms added by defendants.
 {¶ 9} "II. The trial court erred in failing to award plaintiffs interest from the date of the April 28, 2008 settlement agreement under O.R.C. 1343.03.
 {¶ 10} "III. The trial court erred in failing to conduct an evidentiary hearing on the existence and terms of a disputed settlement agreement prior to entering judgment thereon."
 {¶ 11} We will initially consider appellant's third assignment of error. Appellant contends that the court erred in failing to conduct an evidentiary hearing on appellees' motion to enforce the settlement agreement. *Page 4 
 {¶ 12} A valid settlement agreement is a binding contract between the parties which requires a meeting of the minds as well as an offer and acceptance. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376, citingNoroski v. Fallet (1982), 2 Ohio St.3d 77, 79. Thus, a settlement agreement must meet the essential requirements of contract law before it will be subject to enforcement. Id. Moreover, "it is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement."Mentor v. Lagoons Point Land Co. (Dec. 17, 1999), 11th Dist. No. 98-L-190. Where there is a dispute regarding the meaning of the terms of a settlement agreement or where there is a dispute of whether a valid settlement agreement exists, a trial court must conduct an evidentiary hearing. Rulli v. Fan Co., supra, syllabus.
 {¶ 13} Appellant filed a response to appellees' motion to enforce the settlement agreement arguing that a valid settlement agreement did not exist. Specifically, appellant argued that appellees added material terms to the written settlement agreement that were not agreed to when the parties orally agreed to a settlement in court. The trial court did not conduct an evidentiary hearing before granting appellees' motion. As there was clearly a dispute as to whether a valid settlement agreement existed, the trial court was bound by Rulli to hold an evidentiary hearing. See, Michelle S. v. Eduardo T., 6th Dist. No. E-05-053,2006-Ohio-2119. Accordingly, appellant's third assignment of error is found well-taken. *Page 5 
 {¶ 14} In light of our disposition of appellant's third assignment of error, we need not address appellant's remaining assignments of error and we find them not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is reversed and the cause is remanded for an evidentiary hearing to determine whether a valid settlement agreement exists. Appellees are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] In a judgment entry dated November 24, 2008, this court dismissed Charles Robinson's appeal. *Page 1