**The STATE ex rel. DAILEY**

v.

**MORGAN, Warden.**

Court of Common Pleas of Ohio,
Marion County.

No. 01CV0293.

Decided Aug. 8, 2001.

*William R. Dailey, pro se.*

*Betty D. Montgomery,* Attorney General, and *Thelma Thomas Price,* Assistant Attorney General, for respondent.

RICHARD M. ROGERS, Judge.

This matter came on to be heard on a petition for habeas corpus on June 19, 2001. The petitioner, William R. Dailey, was present, without counsel. The

respondent, Warden John Morgan, was represented by Thelma Thomas Price, Assistant Attorney General, Corrections Litigation Section. After discussion and testimony, it was apparent that the parties' dispute was limited to whether the petitioner is entitled to local jail credit from the Summit County Jail for the period of time between October 14, 1999 and February 29, 2000.

The evidence presented at the initial hearing demonstrated that on October 13, 1999, the petitioner was sentenced in Marion County to eighteen months' imprisonment in case No. 98CR238 and six months' imprisonment in case No. 98CR270, those terms to be served consecutively. The petitioner was subsequently sentenced in Summit County on February 29, 2000, to eight months' imprisonment on a charge of escape. That sentence was journalized by entry filed March 2, 2000 in case No. 99–12–2882. On March 14, 2000, the Summit County Court of Common Pleas filed an additional entry, granting the defendant local jail credit of 139 days through the date of sentencing. The Summit County Judge later confirmed that credit by entry filed January 9, 2001.

The Records Supervisor of North Central Correctional Institution testified that he has refused to credit petitioner with the 139 days credit because the petitioner was already in custody during that period and receiving credit toward the Marion County cases. He further stated that, in so doing, he was complying with departmental policies. He further argued that if the Summit County Common Pleas Court intended the eight-month sentence from Summit County to be served consecutively to the Marion County cases, then the credits should not apply, because that would grant 139 days of credit on a concurrent sentence.

The issue then is whether the Ohio Department of Rehabilitation Correction has the authority to interpret the entries filed by the Judge of the Court of Common Pleas of Summit County, or whether it must abide by the clear language of the entry. This court, by entry filed June 19, 2001, granted the state further time to substantiate its claim that petitioner is not entitled to the 139 days of credit. Since the hearing in this matter, respondent has filed a motion to dismiss and a supplemental motion to dismiss, and the petitioner has filed motions to strike, a motion for summary judgment, and a motion for release on bail.

The court first considers the motion to dismiss and finds that it should be denied.

Respondent first argued that petitioner failed to provide a copy of his commitment papers as required by R.C. 2725.04(D). This court disagrees. Petitioner attached a certified copy of his sentencing entry from the Court of Common Pleas of Summit County to his petition. It is from the respondent's interpretation of that sentence and related entries that the problem arises, and any prior sentences, which the parties agree have long since expired, are moot.

Respondent next alleges that the petitioner has failed to comply with R.C. 2969.25. Again, respondent is mistaken. The petitioner did provide a separate affidavit specifically stating that he had not filed any prior civil actions during the preceding five years.

Finally, respondent simply claims that the petition lacks merit. This court addressed that issue in its initial review of the petition. Before issuing a writ of habeas corpus, this court necessarily had to determine whether the facts alleged created a prima facie case in favor of the petitioner's release. R.C. 2725.05 and 2725.06. Had the petition failed in that respect, this court would be required to refuse to issue the writ. Therefore, this branch of the motion to dismiss is also denied.

Having found all three arguments to be without arguable merit, the court is hard-pressed to understand why respondent has put the court to the time and trouble of reviewing a motion to dismiss.

■ The respondent's supplemental motion to dismiss is likewise without merit, as it is not supported by any materials of an evidentiary quality. The attached entry, like all the materials submitted by the respondent, is not certified.

In consideration of a motion for summary judgment, the court may consider only those matters permitted by Civ.R. 56(C). Unfortunately, respondent again failed to submit any materials that may be properly considered by this court. The copies of entries that have been submitted by respondent are not certified, nor is the partial transcript that was submitted by respondent.

Petitioner did submit, with his petition, a certified copy of the judgment entry of the Court of Common Pleas of Summit County, filed March 2, 2000, which clearly and unambiguously states that petitioner was sentenced to eight months in prison on the offense of escape, a felony of the fifth degree. Petitioner also provided a certified copy of a judgment entry of the Court of Common Pleas of Summit County, filed March 14, 2000, which awarded petitioner 139 days of local jail time credit through the date of sentencing, which was February 29, 2000. The state has tendered to this court an uncertified copy of a transcript of the plea proceedings that clearly states that the prosecutor advised the court at the time of sentencing (February 29, 2000) that the defendant was to receive credit for jail time served from October 14, 1999.

The court finds from the evidence submitted that the petitioner was sentenced by the Court of Common Pleas of Summit County on February 29, 2000 to a term of eight months in prison. The parties have each stated that the sentence was to be served consecutively to petitioner's sentence in Marion County case No. 98CR238, pursuant to statute. See R.C. 2929.14(E)(2). (Therefore, this court will not consider whether the consecutive nature of a sentence must be stated in

the sentencing entry or may be inferred by the Ohio Department of Rehabilitation and Correction, even though the original judgment did not suggest that the term was to be served consecutively.) However, the entries of the Court of Common Pleas of Summit County (through and including the entry filed January 9, 2001) clearly state that the defendant was to receive credit for 139 days of local jail time.

While the stated credit might be contrary to law as alleged by respondent, it became the judgment of the case and was not appealed by any party. Respondent and the Ohio Department of Rehabilitation and Corrections have no authority to interpret or alter the clear and unambiguous statement contained in a court judgment.

Respondent has acknowledged that the original sentence of the Court of Common Pleas of Summit County originally granted the petitioner 139 days credit against his Summit County case, case No. 99–12–2882, for time served from October 14, 1999 through February 29, 2000. It is not the department's prerogative, nor within its authority, to refuse to enforce the unambiguous terms of a sentence contained in a court judgment.

Indeed, respondent and the Ohio Department of Rehabilitation and Correction are not even parties in the Summit County case and would have no standing or authority even to appeal an incorrect sentence in that case. Such an appeal would necessarily need to be initiated by the local prosecutor's office that was responsible for prosecuting the underlying criminal offense. That is the same office that apparently represented to the court at the time of the plea, February 29, 2000, that the defendant was to be given local jail credit for time served from October 14, 1999. (See the uncertified transcript submitted with respondent's motion for summary judgment. That document, if properly submitted, would have given further substance to petitioner's claim that the jail time credit was intended as part of a plea bargain, which also obviously resulted in a reduction from a felony of the third degree [the original charge] to a felony of the fifth degree.)

The duty of respondent and the Ohio Department of Rehabilitation and Correction is to carry out the judgment of the court, and nothing more. To permit otherwise would be to destroy the sanctity and finality of judgments.

The principle of finality of judgments has always been protected by the courts. "A final judgment brings closure, certainty, and possibly a commitment to changed future behavior. These are societal benefits as well as benefits to the parties. Wrongs are righted through judgments. Our justice system does not work without finality. Until then, the system's great value is in limbo. We take little from it, but we continually feed it with our energies, intellect, and emo-

tions." *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St.3d 431, 443, 715 N.E.2d 546, 556.

Respondent has provided no authority to this court that suggests that the Ohio Department of Rehabilitation and Correction is empowered to arbitrarily and unilaterally alter the clear intention of a sentencing judgment entry.

 Respondent has attempted to demonstrate that the Court of Common Pleas of Summit County has corrected the apparent mistake and reduced the 139 days of jail-time credit originally awarded to the petitioner by a judgment filed June 27, 2001. However, respondent has not presented this evidence in any form that this court is permitted to consider. The copies of entries submitted by the respondent are not certified. This court cannot presume the legitimacy of entries not properly authenticated, and the burden was on the respondent to demonstrate their validity. Petitioner, acting *pro se,* was knowledgeable enough and capable enough to secure a certified copy of court entries. There is no reason to believe that respondent or his attorney was incapable of the same. Certainly this court has allowed more than sufficient time for the proper submission of evidence.

This court, being limited to the evidence properly submitted, cannot determine that this corrective entry was actually filed. (The question of whether correction in the manner suggested would be proper is not before this court, but would rather be an issue for appeal if such an entry were filed.)

The court, therefore, finds that petitioner William R. Dailey is entitled to immediate release from the custody of the respondent and the Ohio Department of Rehabilitation and Correction.

The ruling of this court necessarily turns on the facts of this case, and the inadequacy of evidentiary materials submitted by respondent. However, the underlying issue addressed here is much bigger than the calculation of the release date of one prisoner. The question arises as to how many prisoners may have been detained contrary to the clear intentions of sentencing entries. The Ohio Department of Rehabilitation and Correction must be advised of its limitations in interpreting court judgments.

This court has had a previous experience of a similar nature, wherein the court was requested by a prisoner to provide clarification of the intended sentence. Even after the court provided the institution with an entry to clarify its erroneous interpretation of the sentences and personally talked with prison records personnel, the institution refused to acknowledge this court's authority, and the prisoner was held until a date someone in the prison records department thought appropriate for release. Unfortunately, the individual had been released prior to this court becoming aware of the institution's refusal to comply with the court's orders, and no habeas corpus action was filed. If this court has now had two

such circumstances brought to its attention in recent months, how many others have gone unnoticed throughout this state?

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that respondent shall immediately release petitioner William R. Dailey from confinement, subject only to such sanctions of postrelease control as may be imposed by the Ohio Adult Parole Authority.

*Judgment accordingly.*