THE STATE EX REL. THOMPSON, APPELLANT, *v.* KELLY, WARDEN, APPELLEE.

[Cite as *State ex rel. Thompson v. Kelly,* **137 Ohio St.3d 32, 2013-Ohio-2444.**]

*Habeas corpus—R.C. 2929.41—Sentencing—Convictions while on parole—*
*Judgment granting warden's motion for summary judgment affirmed.*

(No. 2013-0275—Submitted June 11, 2013—Decided June 18, 2013.)

APPEAL from the Court of Appeals for Lorain County, No. 12CA010276.

————————————

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals granting the motion for summary judgment of appellee, Bennie Kelly, warden of the Grafton Correctional Institution, and dismissing appellant Jerome Thompson's petition for a writ of habeas corpus. Thompson pled guilty to felonies in 1979 and was sentenced to 4 to 25 years. He was paroled in 1980, but in 1982, he was found to be a parole violator, pled guilty to several more felonies, and was sentenced to 5 to 25 years. The dispute is whether Thompson is to serve the sentence from which he was released on parole concurrently to or consecutively with the sentences imposed after his parole.

**{¶ 2}** Because we find that the Ninth District Court of Appeals correctly found that his terms are to be served consecutively and therefore correctly granted the warden's motion for summary judgment, we affirm.

*Facts*

**{¶ 3}** Jerome Thompson pled guilty in 1979 to aggravated robbery and felonious assault. He was sentenced to concurrent terms of 4 to 25 years for the robbery and 2 to 15 years for the assault. He was paroled in October 1980, but by March 1982, he had been declared a parole violator at large, and in March 1983, he was sent back to prison. Later that year, Thompson pled guilty to two

aggravated robberies and was sentenced to concurrent terms of 5 to 25 years. In 1985, he pled guilty to two offenses of involuntary manslaughter, with each conviction carrying a sentence of 6 to 25 years. The first involuntary-manslaughter term was ordered to be served concurrently with the aggravated-robbery sentence, and the second involuntary-manslaughter conviction was ordered to be served concurrently with the first.

*Analysis*

{¶ 4} The issue in this habeas corpus case is whether the sentences imposed on Thompson after he had violated parole are to be served concurrently with or consecutively to his original 1979 sentence. Thompson argues that all the sentences were to be served concurrently, that his maximum aggregate sentence of 25 years has expired, and that he should have been released on May 4, 2010. The warden argues that the sentences imposed for the convictions after Thompson's parole must by statute be served consecutively to his original sentence, making his release date May 4, 2029.

{¶ 5} The Court of Appeals for the Ninth District agreed with the warden and, without referring to the judgment entries specifically, found that former R.C. 2929.41(B)(3) required the sentences to be served consecutively. The court granted his motion for summary judgment. Thompson has appealed to this court.

{¶ 6} The warden relies on the version of R.C. 2929.41(B)(3), Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1985-1986, in force at the time Thompson was sentenced. That statute required that sentences for new felonies committed while on parole were to be served consecutively to the sentence for which a defendant was on parole.

{¶ 7} Thompson argues that the trial court imposed concurrent sentences and that the warden cannot rely on the statute to disregard the court's order. He also argues that the language of the statute was a directive to courts and confers no authority on the warden to correct a mistake made by the sentencing court.

**{¶ 8}** Thompson's arguments are without merit. The version of R.C. 2929.41 that was in effect in 1983 and in 1985 stated that sentences for crimes committed while on parole must be served consecutively to sentences for crimes committed before the parole violation:

> (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
>
> * * *
>
> (3) When it is imposed for a new felony committed by the probationer, parolee, or escapee.

134 Ohio Laws, Part II, at 1985-1986.

**{¶ 9}** Moreover, we have held that a positive act on the part of the sentencing court is required for sentences to run concurrently:

> "Inasmuch as making sentences for different crimes run concurrently is in the nature of a reward to the convict, * * * it follows that a positive act is required on the part of the sentencing court to cause sentences to run concurrently; and * * * if the entry is silent as to how sentences shall run, it is presumed such sentences will run consecutively."

*State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 13, quoting *Stewart v. Maxwell*, 174 Ohio St. 180, 181, 187 N.E.2d 888 (1963).

**{¶ 10}** Thus, the statute at the time required that Thompson's sentences be served consecutively. But even if it did not, the judgment entries do not support Thompson's arguments. Because the courts imposing the sentences for crimes

committed while Thompson was on parole did not specifically state that the sentences were to run concurrently with Thompson's 1979 sentence, the later sentences were to be served consecutively to the earlier sentence.

{¶ 11} Thompson was originally sentenced on April 13, 1979, to 4 to 25 years for aggravated robbery and 2 to 15 years for felonious assault. His first sentence for crimes committed while he was on parole, in Cuyahoga County case No. CR181708, was dated May 12, 1983, and was 5 to 25 years for aggravated robbery "to run concurrently with Case CR-178454." The sentence in Cuyahoga County case No. CR-178454, also dated May 12, 1983, was for 5 to 25 years for aggravated robbery, and not surprisingly was "to run concurrently with CR181708." Neither entry indicated that the sentence was to run concurrently with Thompson's 1979 sentences or any other sentence.

{¶ 12} These first sentences refer only to each other and, under former R.C. 2929.41(B)(3) and *Bates*, they therefore must run consecutively to Thompson's original sentence. They added a term of 5 to 25 years to his total sentence.

{¶ 13} On November 28, 1983, Thompson was sentenced a third time for crimes committed while on parole, for involuntary manslaughter in Cuyahoga County, "to run concurrent with sentence previously imposed." His final sentence, for involuntary manslaughter in Mahoning County, was imposed March 29, 1985, "to be served concurrently with sentence of Cuyahoga Co. C.P. Court currently being served."

{¶ 14} These last two sentencing entries are perhaps more ambiguous. However, because the first two sentences for crimes committed while Thompson was on parole unambiguously run concurrently only with each other, they were consecutive to his original sentence and added 5 to 25 years to the sentence imposed on Thompson prior to his parole.

4

**{¶ 15}** We therefore affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Jerome Thompson, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____