[Cite as *Young v. Bunting*, 2014-Ohio-3671.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


CHRISTOPHER YOUNG,

     PETITIONER-APPELLANT,          CASE NO.  9-13-46

     v.

JASON BUNTING, WARDEN,          O P I N I O N

     RESPONDENT-APPELLEE.


CHRISTOPHER YOUNG,

     PETITIONER-APPELLANT,          CASE NO.  9-13-47

     v.

JASON BUNTING, WARDEN,          O P I N I O N

     RESPONDENT-APPELLEE.


Appeals from Marion County Common Pleas Court
Trial Court Nos. 13-CV-0224 and 13-CV-0224

Judgment Reversed and Cause Remanded in Case No. 9-13-46, and
Appeal Dismissed in Case No. 9-13-47

Date of Decision:   August 25, 2014


APPEARANCES:

     *Christopher Young,* Appellant

     *Thelma Thomas Price*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Petitioner-appellant Christopher Young brings these appeals from the judgment of the Common Pleas Court of Marion County, Ohio, denying his Petition for Writ of Habeas Corpus. Although only one judgment entry is being appealed by Young, 13-CV-224, he filed two notices of appeal with this court, one on September 11, 2013, and one on September 13, 2013. It appears that the Marion County Clerk of Courts incorrectly docketed the latter notice of appeal as a new case, notwithstanding the fact that it was taken from the same judgment entry. We therefore dismiss Young's appeal filed as 9-13-47, as duplicative, and proceed on the appellate case 9-13-46 only. For the reasons that follow, we reverse the trial court's judgment.

{¶2} The issues on appeal relate back to sentences imposed in three separate cases by the Cuyahoga County Court of Common Pleas ("the sentencing court"). The underlying convictions are not at issue here. The sole question before us concerns the determination of whether Young has completed his sentence imposed by the sentencing court. As he is currently incarcerated in the Marion Correctional Institution, this is a question within this court's jurisdiction pursuant to R.C. 2725.03.

{¶3} It appears that in 2008, Young pled guilty in the Common Pleas Court of Cuyahoga County to multiple charges in three different cases. (*See* journal

entries attached to R. at 8, Resp't Mot. for Summ. J.) In case CR-08-507594, Young pled guilty to receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. In case CR-08-510974, Young pled guilty to robbery in violation of R.C. 2911.02, a felony of the second degree, with two firearm specifications pursuant to R.C. 2941.141 (one year) and R.C. 2941.145 (three years), and a forfeiture specification pursuant to R.C. 2941.1417. (*Id.*) In case CR-07-498250, Young pled guilty to aggravated robbery in violation of RC 2911.01(A)(1), a felony of the first degree, with two firearm specifications pursuant to R.C. 2941.141 (one year) and R.C. 2941.145 (three years). (*Id.*) According to the documents submitted to us in the record, Young was sentenced as follows.

{¶4} On July 17, 2008, the Cuyahoga County Common Pleas Court sentenced Young in case CR-08-507594,

> The court imposes a prison sentence at the Lorain Correctional Institution of 18 month(s) to run concurrent to cases CR 510974 and CR 498250.

(*Id.*) On July 22, 2008, the Cuyahoga County Common Pleas Court sentenced Young in case CR-08-510974,

> The court imposes a prison sentence at the Lorain Correctional Institution of 5 year(s). 3 years as to firearm specification to be served prior to and consecutive to 2 years on base charge of Count I for a total of 5 years. Sentence to run concurrent to cases CR 498250 and CR 507594.

- 3 -

(*Id.*) Also on July 22, 2008, the Cuyahoga County Common Pleas Court sentenced Young in case CR-07-498250,

> The court imposes a prison sentence at the Lorain Correctional Institution of 4 year(s). 1 year as to firearm specification to run prior to and consecutive to 3 years on base charge of count I for a total of 4 years. Sentence to run concurrent with case CR 507594 and CR 510974.

(*Id.*) Each sentencing entry stated that Young was "to receive jail time credit for 72 day(s), to date." (*Id.*) The issue of whether the above sentences were imposed properly is not before this court.

{¶5} The record before us does not show whether the sentences for all three cases were imposed during one sentencing hearing. In fact, the sentencing transcript was not filed in the habeas court. Each sentencing entry was filed in a different Cuyahoga Common Pleas Court's case (CR-08-507594, CR-08-510974, and CR-07-498250), and one entry has a different date than the other two. Yet, each of the three sentencing entries references the other two cases on which Young was being sentenced. (*Id.*) We cannot ascertain whether any modifications to the sentencing, motions for resentencing, or clarifications of the sentencing court's journal entries with respect to the imposition of sentences have ever been issued by the sentencing court because the dockets of the Cuyahoga County Court of Common Pleas from the underlying cases were not filed in the habeas court. The record does include a sheet exhibiting docket entries from the Cuyahoga

- 4 -

County Common Pleas Court case CR-08-510974, entered between July 29, 2008 and June 14, 2010, where one of the entries grants additional jail credit, for "a total of 234 days credit." (Attach. to R. at 6, Mot. in Resp. to State's Opp'n Br.)

**{¶6}** Young was delivered to the Department of Rehabilitation and Correction on July 31, 2008. (*See* Correspondence from Bureau of Sentence Computation, attached to R. at 8, Resp't Mot. for Summ. J.) Nearly five years later, on March 27, 2013, Young filed a pro se Petition for Writ of Habeas Corpus in the Marion County Court of Common Pleas ("the habeas court"), requesting that he be discharged from incarceration at the Marion Correctional Institution.[1] (R. at 1.) Young alleged that he was being held "illegally and unlawfully and against his will." (*Id.*) He alleged that he had been denied jail time credit and argued that his three cases "were to be served concurrently with each other" for a total term of five years; therefore, he was incarcerated "over his calculated E.D.S. date," which he claimed to have been December 8, 2012. (*Id.*) Young attached one journal entry to his Petition. It reflected only the sentence in case CR-08-510974, imposing prison term of "a total of 5 years," but it did refer to the other two cases in its statement, "Sentence to run concurrent to cases CR 498250 and CR 507594." (*Id.*)

---

[1] Although the sentencing entries indicate that Young was to be incarcerated at the Lorain Correctional Institution, he apparently has been serving his sentence in the Marion Correctional Institution. The record does not provide any information as to a transfer from Lorain to Marion.

**{¶7}** Respondent Jason Bunting, Warden of Marion Correctional Institution ("Respondent"), moved to dismiss Young's petition for failure "to attach copies of all pertinent commitment papers to his petition as required by R.C. 2725.04(D)." (R. at 5.) Young filed a response in which he explained that the sentencing journal entries had not been made available to him and that although the sentencing court corrected his jail time credit, the Department of Rehabilitation and Corrections failed to properly apply that credit. (R. at 6.) He further explained that even though his term of incarceration of five years had been completed, "the Ohio Department of Rehabilitation and Corrections claim that Petitioner has been sentenced to a (7) seven year term." (*Id.*)

**{¶8}** The habeas court denied Respondent's motion to dismiss, finding that Young's failure to attach proper records to his petition was excused. The habeas court then scheduled the petition for trial to be held on Monday, August 26, 2013, and ordered Respondent to "immediately obtain certified copies of the sentencing entries for the Petitioner for all three of his cases." (R. at 7.) The court further stated that "[i]f these entries demonstrate that the Petitioner is being lawfully detained, the Respondent may wish to file a motion for summary judgment." (*Id.*) Respondent is not appealing the habeas court's denial of the motion to dismiss.

**{¶9}** Respondent filed its motion for summary judgment on July 23, 2013. (R. at 8.) In it, Respondent referred to the calculation of the Bureau of Sentence Computation, which

> explains that his actual sentence is 7 years because he had to serve a 3 year sentence for the firearm specification in Case No. CR 08 510974 plus a 1 year sentence for the firearm specification in Case No. CR 07 498250, then 2 years, plus 3 years, plus 18 months on the base charges in the three cases for a total of 7 years (4 years on firearm specifications and 3 years of base sentences).

(*Id.* at 3-4.) In other words, the Bureau of Sentence Computation calculated the sentences so that the prison terms for specifications from two separate cases were consecutive rather than concurrent to each other. Respondent's motion was supported by a letter from the Bureau of Sentence Computation, which stated:

> On 9/2/08 a phone call was placed to Judge Russo's bailiff concerning how the firearm specifications were to be served, concurrently or consecutively. Per Laura, Judge Russo's bailiff the cases are concurrent but the firearm specifications are consecutive. His total sentence is 4 years for the firearm specifications consecutive with the 3 year base charge.

(Correspondence from Bureau of Sentence Computation, attached to R. at 8, Resp't Mot. for Summ. J.) Additionally, a note of Liann Bower, BOSC Staff, dated 09/02/2008, was attached, stating:

> Per Laura – cases are concurrent but the guns are consecutive. Total sentence is 4 aig cs/w 3 years. Guns are always consecutive.

(Note to File Worksheet, attached to R. at 8, Resp't Mot. for Summ. J.) Respondent also acknowledged that Young was entitled to 234 days of jail time

credit plus additional fourteen days of conveyance time, for a total of 248 days of jail time credit. As a result of the jail time credit, his seven-year sentence would expire on November 22, 2014.

{¶10} The habeas court found that there were no questions of fact in this case but the only issue was "*interpretation of the sentences*"—a question of law. (Emphasis added.) (R. at 11, at 2, J. Entry (Ruling on Summ. J. Mot.), Aug. 13, 2013.) In particular, "[t]he dispute has to do with whether any portion of the sentences are [sic] consecutive." (*Id.*) The habeas court then held,

> R.C. 2929.14(C)(1)(a) requires that a sentence pertaining to a firearm specification be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Therefore, the sentences for the firearm specifications are served consecutively by operation of law without the necessity of the court making such an order.

(*Id.* at 3.) The habeas court thus held that, even though the sentencing court did not expressly state so, the three base sentences were concurrent but the two specifications were consecutive to the base sentences and consecutive to each other. (*Id.* at 3-4.) "As a result, the Petitioner's total sentence is seven years (3-year base sentence plus 1-year firearm specification plus 3-year firearm specification)." (*Id.*) The habeas court granted Respondent's summary judgment motion and denied Young's petition for writ of habeas corpus without conducting the previously scheduled trial. Young now appeals alleging one assignment of error.

**The lower court abused it's [sic] discretion when it failed to order Mr. Young's release, from an unlawful detainment**.

**{¶11}** On appeal, Young argues that since the sentencing court's judgment entries impose upon him a total prison term of five years, a contrary interpretation of the sentence by the Bureau of Sentence Computation and by the habeas court was unlawful.[2]  Respondent answers that the firearm specifications must be served consecutively according to R.C. 2929.14(C)(1)(a) and as such, they were properly interpreted by the habeas court.   Respondent urges us to affirm the summary judgment.

> An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-moving party.

*Kaczkowski v. Ohio N. Univ.*, 3d Dist. Hardin No. 6-05-08, 2006-Ohio-2373, ¶ 16, citing Civ.R.56(C), *and Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992).

---

[2] It appears that the issue of the jail time credit was resolved and is not argued on appeal.

{¶12} By finding that there was "no question of fact in this case," the habeas court effectively read the sentencing entries to be unambiguous and to impose upon Young three *separate* and *unrelated* prison terms, without addressing how the specifications should be served. The habeas court then applied R.C. 2929.14(C)(1)(a),[3] which requires that sentences for two separate firearm specifications be served consecutively to each other and consecutively to any other prison term "previously or subsequently imposed upon the offender."

{¶13} We recognize that the sentencing court imposed a sentence for each of the cases separately. The problem occurs because the sentencing court then ordered that the three total sentences, which included the firearm specifications, were to be served concurrently. Had the sentencing court imposed the three separate sentences without stating that they are to run concurrently to each other, R.C. 2929.14(C)(1)(a) would operate to require Young to serve the two firearm specifications consecutively and we would affirm the habeas court's holding that "the sentences for the firearm specifications are served consecutively by operation

---

[3] R.C. 2929.14(C)(1)(a):

> (C)(1)(a) * * * if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section * * * the offender shall *serve* any mandatory prison term imposed under either division *consecutively to any other mandatory prison term imposed under either division* or under division (B)(1)(d) of this section, * * * *and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*

(Emphasis added.)

- 10 -

of law without the necessity of the Court making such an order." (R. at 11, at 3, J. Entry.) *See State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.2d 498, ¶ 10 (holding that where the court imposing the sentences did not specifically address how the sentences were to run and the statutory construction required them to be served "consecutively to the earlier sentence," the statute prevailed and the defendant had to serve the sentences consecutively).

{¶14} Nevertheless, we disagree with the habeas court's statement that there is "no question of fact in this case." (R. at 11, at 2.) We cannot completely disregard the sentencing court's statements in its sentencing entries that seem to contradict the statute. The sentencing court's statements that "total of 5 years" sentence in case CR-08-510974, which included firearm specifications, was to run *concurrently* to the "total of 4 years" sentence in case CR-07-498250, which included another firearm specification, suggest a possibility that the sentencing court imposed those specifications concurrently, contrary to the statutory requirement.[4]

{¶15} The Ohio Supreme Court has recently approached a similar situation in *Thompson* and held that it presented a possible ambiguity. 2013-Ohio-2444, at ¶ 14. The defendant in *Thompson*, was sentenced a total of five times. The first

---

[4] Even if that order was improper as contrary to statute, any arguments regarding the sentencing court acting contrary to law are not before this court. The arguments concerning lawfulness of the sentencing entries should properly have been made to the sentencing court. We cannot ascertain from the record before us whether any such arguments have ever been made and resolved in the trial court because the trial court's docket was not provided to the habeas court.

sentence was in 1979 and imposed upon Thompson a prison term of 4 to 25 years for aggravated robbery and 2 to 15 years for felonious assault. *Id.* at ¶ 11. The second and third sentencing entries were dated May 12, 1983, and both sentenced Thompson for 5 to 25 years to run concurrently with each other, but these sentencing entries did not indicate that the sentences were "to run concurrently with Thompson's 1979 sentences or any other sentence." *Id. The fourth and fifth sentencing entries ordered sentences to run concurrently with sentences previously imposed, in spite of the statute requiring those sentences to be run consecutively. Id.* at ¶ 13. With respect to the second and third convictions, the Ohio Supreme Court held that "[b]ecause the courts imposing the [second and third] sentences * * * did not specifically state that the sentences were to run concurrently with Thompson's 1979 sentence, the latter sentences were to be served consecutively to the earlier sentence," as required by the statute. *Id.* at ¶ 10. With respect to the fourth and fifth convictions, the Ohio Supreme Court found that these "two sentencing entries are perhaps more ambiguous." *Id.* at ¶ 14. The Ohio Supreme Court did not deal with the "more ambiguous" sentencing entries in *Thompson*, however, because the resolution of the case turned upon the second and third convictions.

{¶16} *Thompson* is instructive on the case at issue. Unlike with the second and third convictions in *Thompson*, the sentencing court in the current case did

specifically state that the sentences were to run concurrently with Young's other sentences, in spite of the statute to the contrary. This situation creates an ambiguity similar to the one posed by the fourth and fifth sentencing entries in *Thompson*.

{¶17} Based on what we have before us,[5] we are unable to resolve this ambiguity. Although we recognize that R.C. 2929.14(C)(1)(a), requires Young to serve the two firearm specifications consecutively to each other, for a total aggregate term of seven years, we are unable to completely disregard the court's statements in its sentencing entries that seem to impose an order contradicting the statute. A sentencing court speaks only through its journal entries. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 30. Therefore, we cannot rely on the notes provided by the Bureau of Sentence Computation, referring to a conversation with the sentencing court's bailiff in resolving the ambiguity, and the record does not reflect any journal entries modifying the sentences. We also are unable to interpret the sentencing court's statements as mandating a total aggregate five-year prison term without reviewing a full docket

---

[5] Parts of what appears to be a sentencing transcript were attached to Young's brief on appeal, but they were not certified and they were not available to the habeas court. Therefore, we cannot consider this evidence in arriving at our decision herein.

of the Cuyahoga County Court of Common Pleas in each of the three cases to determine whether the sentences have ever been corrected.[6]

{¶18} We emphasize that we are not here reviewing whether the sentence of five years or seven years should have been imposed because that issue is not before us. Our review is limited to the question of whether Young has completed the term imposed by the sentencing court. Based on what we have before us, we are unable to answer this question because the statements in the sentencing entries present ambiguity as to what the total aggregate prison term was that was imposed by the sentencing court. Because the summary judgment standard requires us to resolve ambiguities in favor of the nonmoving party, we hold that summary judgment was not properly granted on Young's petition for writ of habeas corpus.

{¶19} Therefore, this matter must be remanded to the habeas court to resolve the ambiguity present by this situation as to whether the sentencing court acted contrary to statute and imposed a total aggregate sentence term of five years. If the habeas court finds that the sentence imposed on Young was a total aggregate term of five years in prison, in contradiction to the statute, and the term has expired, the habeas petition must be granted. Where the "only journalized

---

[6] If a certified sentencing transcript were available for the habeas court, this might or might not be helpful in resolving the factual question by shedding some light on whether the three separate sentences were imposed during one sentencing hearing and whether the sentencing court notified Young that the three separate sentences, including the two firearm specifications, were to be served concurrently, for a total aggregate term of five years, or consecutively, for a total aggregate term of seven years. Likewise, a review of all docket entries from the sentencing court's docket might assist in resolving the ambiguity.

sentence has now expired, habeas corpus is an appropriate remedy." *Hernandez*, 2006-Ohio-126, at ¶ 30.

**{¶20}** The separate concurrence argues that there is no ambiguity and that the sentencing entries clearly require a five-year prison term. The mere fact that the dissent disagrees with the interpretation of the habeas court, which found that the sentencing entries required a seven-year prison term, supports our position that the situation is ambiguous. In order to avoid any further speculation on what actual prison term was imposed upon Young we find it proper to remand the case to the habeas court for a clarification that is based on a complete docket of the Cuyahoga County Court of Common Pleas and the sentencing transcript.

**{¶21}** Young's assignment of error is sustained in so far as it requires reversal of the habeas court's decision to grant summary judgment.

*Conclusion*

**{¶22}** Having found error prejudicial to Appellant in the particulars assigned and argued in this case, we reverse the judgment of the Common Pleas Court of Marion County, Ohio, and remand this matter to the trial court for further proceedings consistent with this opinion.

*9-13-46 Judgment Reversed and*
*Cause Remanded*
*9-13-47 Appeal Dismissed*

**SHAW, J., concurs.**
**/jlr**

**ROGERS, J., Concurring Separately.**

{¶23} I concur with the majority's decision to reverse the habeas court's decision in this matter. However, I do so for different reasons and would grant the writ of habeas corpus and order the immediate release of Appellant from confinement, subject only to such sanctions of post-release control as may lawfully be imposed by the Ohio Adult Parole Authority.

{¶24} There is no dispute that the sentencing court clearly and unequivocally stated in each of the three sentencing orders that the cases were to be served concurrently. Nor is there any dispute that two of the sentences included firearms specifications that carried mandatory prison time required by statute to run both prior to and consecutive to any other sentence imposed on the offender, but which were erroneously ordered to run concurrent to all of Young's other sentences. Indeed, as the majority states, "[t]he problem occurs because the sentencing court * * * ordered that the three total sentences, which included the firearms specifications, were to be served concurrently." Majority Opin., ¶ 13.

{¶25} The majority asserts that the journal entries are ambiguous and, "[b]ased on what we have before us, we are unable to resolve the ambiguity." *Id.* at ¶ 17. It appears that the majority requires more in the record to prove that the court intended to incorrectly sentence Young beyond the plain, unambiguous language of the sentencing entries. However, as the majority notes, "[a]

- 16 -

sentencing court speaks only through its journal entries." *Id.*, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 30. Indeed, the Ohio Supreme Court noted in *Hernandez* that where the "only *journalized* sentence has now expired, habeas corpus is an appropriate remedy." (Emphasis added.) *Hernandez* at ¶ 30. Here, the only journalized entries on record unambiguously state that Young's sentences were to run concurrently to one another. There is nothing that otherwise creates ambiguity in this case.

*The DRC computation does not make
the sentencing entries ambiguous*

{¶26} As the majority correctly states, the evidence attached to the summary judgment motion of the Department of Rehabilitation and Corrections ("DRC") cannot create the ambiguity. Affidavits attached to a motion for summary judgment must "be made on personal knowledge * * *." Civ.R. 56(E). "It is essential that an affiant have personal, rather than secondhand, knowledge, and thus be in a position to know the facts stated in the affidavit." *Olverson v. Butler*, 45 Ohio App.2d 9, 12 (10th Dist.1975). How Vicki Wallace computed Young's sentence for the DRC is not at issue. What is at issue are the terms of the sentences that were *actually* imposed.

{¶27} Wallace's affidavit is directed at the issue of whether the sentences were originally *intended* to run consecutively or concurrently to one another, of which Wallace had no personal knowledge, and which issue is immaterial.

- 17 -

Indeed, in her affidavit, she stated that she received clarification on the sentences from "Laura, Judge Russo's bailiff * * *." (Docket No. 8, attached affidavit, p. 2). Wallace was not authorized to speak for the sentencing court; she was only authorized to speak for the DRC. Therefore, her affidavit cannot be used to support the conclusion that the sentences were intended *by the sentencing court* to run consecutive to one another. Nor can a bailiff's comments effect a modification of a court's judgment entry.

*The lack of record does not make the*
*judgment entries ambiguous*

{¶28} The majority also correctly states that there are no other journal entries on record that otherwise correct the error. However, the majority reasons that this results in its inability to "interpret the sentencing court's statements as mandating a total aggregate five-year prison term without reviewing a full docket of the Cuyahoga Court of Common Pleas in each of the three cases to determine whether the sentences have ever been corrected." Majority Opin., ¶ 17. However, the habeas court, and this court on review, are limited to the record before us. In this case, the lack of a record supports Young's assertion that he is being unlawfully detained.

{¶29} "A court of appeals reviews the decision of whether to grant summary judgment in a habeas corpus proceeding as it would in any other civil summary judgment action." *Palmer v. Ghee*, 117 Ohio App.3d 189, 195 (3d

- 18 -

Dist.1997), citing *Horton v. Collins*, 83 Ohio App.3d 287, 291 (9th Dist.1992). The burden of proof is on the party seeking summary judgment to prove that there is no issue of material fact that exists for trial. *Palmer* at 195. Therefore, the State, in requesting summary judgment, is asserting that there are no facts that are material to the judgment in the case. Indeed, neither the State nor Young dispute any of the facts in the record. They both agree that the sentencing entries on file are the only judgment entries in the case. This court, under the circumstances, should not find that there may be a factual dispute when neither party asserts that there are any other judgment entries on file.

{¶30} A motion to dismiss in a habeas corpus proceeding by the respondent is treated "as a return of the writ * * *." *Hammond v. Dallman*, 63 Ohio St.3d 666, 667 (1992). The burden of proof in a habeas proceeding is on the party requesting relief. *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288 (1963). The return in response to the writ is required to "set forth, at large, the authority, and the true and whole cause, of such imprisonment and restraint, with a copy of the writ, warrant, or other process upon which the prisoner is detained." R.C. 2725.14. Thus, "where the return sets forth justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release." *Yarbrough* at 288; *see also Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382 (1996). However, the state must make a prima facie case that it has authority to hold the

- 19 -

petitioner before the burden shifts back to the petitioner to produce facts that would justify the grant of the writ. *See Chari v. Vore*, 91 Ohio St.3d 323, 325 (2001).

{¶31} Here, the State's motion to dismiss, which was denied, should be treated as a return, and did not make a prima facie case as by what authority it is detaining Young. Indeed, as the habeas court indicated when denying the motion to dismiss, the journal entry submitted by Young "would indicate that the Petitioner's sentence is five years as he asserts in his petition." (Docket No. 7, p. 3). In other words, Young met his initial burden of proof by showing that the State was unlawfully detaining him beyond his original sentence. In response, the State failed to rebut Young's allegations by providing corrected journal entries or any additional evidence that otherwise makes a prima facie case of lawful detention in the motion to dismiss. As a result, Young had nothing additional to prove. The State again attempted to provide evidence of lawful detention in its motion for summary judgment by providing what it admitted were the "sentencing Entries in Petitioner's Case * * *." (Docket No. 8, p. 2). The State argued that Young's sentence had not expired as the judgment entries were in contravention of law and that the DRC spoke with the court's bailiff to adequately compute the time Young should be incarcerated. Neither of these facts justifies Young's detention.

**{¶32}** In essence, at two different times the State failed to make a prima facie case because it failed to provide any evidence that would otherwise allow for the lawful detention of Young. While the State never filed an official return on the writ, these two filings together should constitute a return. Had there been corrected sentencing entries, the State would have attached them to the motion for summary judgment. The State's failure to provide evidence that otherwise rebuts the clear and unambiguous language contained in the journal entries supplied by Young does not preclude our ability to interpret them. Nor should the State be provided yet another opportunity to attempt to assert any additional facts that would otherwise make the detention lawful. Under the circumstances of this case, the lack of a record precludes the State from justifying the detention of Young; it does not preclude our ability to interpret the journal entries.

*The journal entries are not ambiguous for*
*being in contravention of the law*

**{¶33}** The majority asserts that the ambiguity in this case arises out of the Ohio Supreme Court's ruling in *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444. In *Thompson*, the defendant had been found guilty of two separate crimes and was sentenced to terms that were to run concurrently to one another. *Id.* at ¶ 11. In its judgment entry, the trial court never specified whether the sentences were to run concurrently or consecutively to a sentence for a different crime that the defendant was currently serving. *Id.* As the trial court

failed to specify how the new sentences related to the current sentence, the Court imposed the statutory presumption in place at the time and required the sentences to be served consecutively. *Id*. at ¶ 12. Indeed, the Court found that the sentences could only be made to run concurrently through an affirmative act by the trial court. *Id.* at ¶ 9.

{¶34} The habeas court utilized similar reasoning to *Thompson*, as it stated in its judgment entry granting summary judgment that the statute required the sentences to run consecutively "by operation of law without the necessity of the Court making such an order." (Docket No. 11, p. 3). Under *Thompson*, this might be correct had the sentencing court remained silent as to how the sentences were to operate. But, unlike *Thompson*, the sentencing court specifically ordered all three sentences to run concurrently with each other, including the firearm specifications. The habeas court completely ignored the actual language of the judgment entries which *specifically stated* that the sentences were to run concurrently to each other. While the Court in *Thompson* found that two later imposed sentences that were ordered to run concurrently to the prior sentence in contravention of a statute mandating that they be served consecutively were "*perhaps* more ambiguous," they were irrelevant to the appeal and not discussed any further. (Emphasis added.) *Id.* at ¶ 14. The Court did not find that a sentence in derivation of the statute is ambiguous per se, nor should we.

**{¶35}** As a result, there is no ambiguity in the sentences, even though they are clearly in contravention of the law. Young's sentence expired after five years, and the State has failed to provide any evidence that it has the authority to continue his detention.

*The sentences can no longer be modified*

**{¶36}** While the sentences are clearly in error, the DRC, the sentencing court, and the habeas court have no authority to correct the original sentences issued in this case.

**{¶37}** Under the separation of powers doctrine, the executive branch has no authority to review or modify a judicial decision. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 55. "Our Constitution and case law make undeniably clear that the judicial power resides exclusively in the judicial branch. The judicial power of the state is vested exclusively in the courts. The power to review and affirm, modify, or reverse other courts' judgments is strictly limited to appellate courts." (Citations omitted.) *Id.* at ¶ 58. Further, the "sentencing of a defendant convicted of a crime [is] solely the province of the judiciary." *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 136 (2000).

**{¶38}** Accordingly, the DRC is required to execute the sentence it receives from the trial court as written, and cannot impose any additional time of incarceration. *See id.* (Adult Parole Authority could not use statutory procedure to

add time to incarceration of inmates without a trial); *see also Hernandez v. Kelly,* 2006-Ohio-126 at ¶ 18, 26 (Adult Parole Authority could not exercise post release power if post release controls were not imposed by trial court and instead must impose sentence as written); *State, ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 573-574 (10th Dist.1991) (Adult Parole Authority could not ignore trial court's erroneous determination of jail time credit in sentencing order); *Pilz v. Ohio Depart. Of Rehab. and Corr.*, Ct. of Cl. No. 2003-04881, 2004-Ohio-650, ¶ 16 (DRC was required to comply with sentencing order as written, even though it was later found to contain errors). At least one court has found that even an obvious error becomes the law of the case, and it is not DRC's "prerogative, nor within its authority, to refuse to enforce the unambiguous terms of a sentence contained in a court judgment." *State ex rel. Dailey v. Morgan*, 115 Ohio Misc.2d 44, 48 (C.P.2001).

{¶39} As the majority noted, the issue of whether such sentences were proper is not before this court at this time. Because those sentences were not appealed by the state or modified by the trial court, each stands as a final order of the court. The DRC has no authority to modify those orders and must comply with them as written.

{¶40} It appears to be uncontested that as drafted the three sentences impose an aggregate term of five years. DRC has unilaterally decided that the

sentences were contrary to law, and concluded that the correct aggregate term should be seven years. This determination could only be made by an appellate court. In so doing the DRC acted well beyond its authority, and in violation of the separation of powers.

**{¶41}** As to the authority of the courts to modify the sentence, normally, sentencing errors do not render a sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8. However, "a sentence that is not in accordance with statutorily mandated terms is void." *Id.* A void sentence is not subject to res judicata and "may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 40; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 9. However, the ability to review even a void sentence is not without limit. *Holdroft* at ¶ 11. An inmate still incarcerated under a void sentence has "no legitimate expectation of finality * * *." *Id.*, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 31-38. However, "[a] defendant's expectation of the finality of his sentence increases as time passes." *Holdcroft* at ¶ 15.

**{¶42}** The Ohio Supreme Court has created a framework to determine whether a void sentence can still be reviewed:

> First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that

> crime may no longer be modified. Put another way, either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed. But once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction. And once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence *prevent a court from further modifying the sentence for that crime in any way.*

(Emphasis added.) (Citations omitted.)  *Id.* at ¶ 18.  Further, Ohio has rejected the sentencing package, instead requiring courts to look at each sentence individually. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 15-16.  Any error in one sentence cannot be grounds to correct the error in any other sentence, even when convicted of multiple offenses at the same time.  *See id.* at ¶ 19.

{¶43} Here, Young has served the entirety of his sentence for each case.  It is undisputed that the sentencing court erred by not ordering the sentences for the firearms specifications to be served consecutive to any other sentence imposed on Young.  This error, being in contravention of the statute, rendered the sentence void.  However, the error was never corrected, even though it could have been at any time prior to the expiration of the terms imposed.  When Young served the totality of any sentence, the ability of any court to modify that specific sentence lapsed.  Therefore, neither the habeas court, nor the sentencing court, had the authority to modify any portion of any of Young's sentences, as they have all been served.

*Conclusion*

**{¶44}** The majority is correct in finding that the grant of summary judgment in this case was erroneous.  Accordingly, I would reverse the decision of the habeas court, grant the writ of habeas corpus, and order the immediate release of Appellant from confinement, subject only to such sanctions of post-release control as may lawfully be imposed by the Ohio Adult Parole Authority.

/jlr