**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Schweitzer,* Slip Opinion No. 2018-Ohio-2396.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2396

THE STATE EX REL. SMITH, APPELLANT, *v*. SCHWEITZER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Schweitzer,* Slip Opinion No. 2018-Ohio-2396.]**

*Habeas corpus—Prison sentences run consecutively by operation of statute— Immediate release denied, and judgment affirmed.*

(No. 2017-1331—Submitted January 23, 2018—Decided June 28, 2018.)

APPEAL from the Court of Appeals for Warren County, No. CA2017-05-074.

_____

**Per Curiam.**

{¶ 1} Appellant, Herbert Allen Smith, appeals the dismissal of his petition for a writ of habeas corpus that he filed against appellee, Thomas Schweitzer, warden of the Lebanon Correctional Facility, where Smith is incarcerated.  We affirm.

*Background*

**{¶ 2}** In 1977, Smith was convicted of kidnapping and was sentenced to 5 to 15 years in prison. On August 3, 1981, he was released on parole. While under supervision, he committed a new felony. Between December 2, 1981, and May 7, 1991, he was a parole violator at large. On October 17, 1994, Smith pleaded guilty to one count of robbery. The common pleas court judge sentenced him to 6 to 15 years' imprisonment. The sentencing entry did not indicate whether this term was to be served concurrently with or consecutively to the time remaining on his kidnapping sentence.

**{¶ 3}** Smith received parole a second time in 2005 and escaped detention. He remained at large for the next six years, until he returned to confinement in September 2012.

**{¶ 4}** On May 22, 2017, Smith filed a petition for a writ of habeas corpus against Schweitzer, alleging that Smith had now served more than 15 years on his robbery sentence and was therefore entitled to immediate release. Smith asserted that he had also completed his sentence on the original kidnapping charge because, he said, the two sentences had run concurrently, and the Department of Rehabilitation and Correction has no authority to alter a prison sentence.

**{¶ 5}** On August 29, 2017, the Twelfth District Court of Appeals granted Schweitzer's motion to dismiss, concluding that Smith was not entitled to immediate release because his sentences ran consecutively by operation of law. *State ex rel. Smith v. Schweitzer*, 12th Dist. Warren No. CA2017-05-074 (Aug. 29, 2017). Smith appealed.

*Analysis*

**{¶ 6}** Smith claims that he is entitled to a writ of habeas corpus because he has served more than 16 years' imprisonment on a 15-year prison sentence. He blames the department for unilaterally extending his sentence by running his two

terms consecutively without judicial sanction. The first issue to resolve, then, is whether the two sentences were consecutive or concurrent.

{¶ 7} In 1994, when Smith received his second sentence, the Revised Code stated:

> A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
>
> * * *
>
> (3) When it is imposed for a new felony committed by a probationer, parolee, or escapee.

*See* former R.C. 2929.41(B), Sub.H.B. No. 51, 142 Ohio Laws, Part I, 1875, 1885. Because Smith was on parole when he reoffended, his sentences ran consecutively by operation of the statute, even though the sentencing entry was silent. *See, e.g., State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.3d 498, ¶ 8-10 (holding that consecutive sentences for offenses committed while on parole were mandatory); *see also Richards v. Eberlin*, 7th Dist. Belmont No. 04-BE-1, 2004-Ohio-2636, ¶ 10 (same).

{¶ 8} Based on this law, it is clear that the department did not change Smith's sentence or aggregate his sentences on its own initiative. The court of appeals correctly denied the petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

————————————

Herbert Allen Smith, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____