[Cite as *Wilson v. Wilson*, 2018-Ohio-3820.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Sharon Roth Wilson | Court of Appeals No. E-17-042 |
| Appellee | Trial Court No. 2015 AO 0001 |
| v. | |
| Lewis Todd Wilson | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 21, 2018 |

* * * * *

Barry Vermeeren, for appellee.

Geoffrey L. Oglesby, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Lewis Todd Wilson ("Todd"), appeals the July 25, 2017 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, adopting a separation agreement between him and appellee, Sharon Wilson ("Sharon"), and granting the parties a legal separation. For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} On February 19, 2015, Sharon filed a complaint for legal separation. Following various pretrials and continuances, the court set the matter for a final hearing on February 11, 2016. On February 5, 2016, Todd sought leave to file an amended answer and a counterclaim for divorce. The trial court granted the motion on February 8, 2016, and Todd's amended answer and counterclaim were filed the same day. Sharon did not file an answer to Todd's counterclaim.

{¶ 3} On February 11, 2016, the parties appeared for the final hearing before a magistrate. At the beginning of the hearing, the magistrate noted that the parties had reached a resolution of the case, contingent upon Todd choosing one of two legal outcomes—divorce or legal separation—by April 6, 2016 (the date of the rescheduled final hearing). Sharon's attorney outlined the parties' agreement on the record, which was memorialized in a standard separation agreement pursuant to Supreme Court of Ohio Uniform Domestic Relations Form 16, and was submitted as joint exhibit A.

{¶ 4} On the record, Sharon's attorney explained the "changes" that the parties made to the standard form, which were both typewritten and handwritten. For example, Sharon's attorney explained that the parties included definite terms relating to all of the parties' marital property, including the marital home. Under the agreement, Todd was required to refinance the home within six months. After refinancing, Todd would pay Sharon $30,000 for her interest in the home, at which time Sharon would sign a quit-claim deed transferring the house to him. If Todd could not refinance, the house was to

2.

be sold and Todd would pay Sharon $30,000 from the proceeds of the sale for her interest in the home.

{¶ 5} Sharon's attorney also explained a handwritten edit regarding Todd's life insurance policy, which indicated that their three daughters would be listed as equal beneficiaries instead of Sharon, and another handwritten edit regarding spousal support, which stated that "spousal for tax purposes attributed to Obligee not Obligor."

{¶ 6} Under section five, "OTHER," joint exhibit A contains the following typewritten provision, which is crossed out with a single handwritten line: "The Parties shall split equally all Medical Insurance and non-covered medical expenses for each of them equally." In the margin, the following term is handwritten in its place: "H shall pay UAW retiree monthly medical premium, each party responsible for non covered." As Sharon's attorney explained:

> The third change, and I think the last change and, again, if it is processed under a legal separation, on Fifth, on Page 5, it will read that the Husband shall pay the UAW Retiree monthly medical premium, and each party will be responsible for non-covered medical expenses. We do that because Sharon would remain on that very good UAW Retiree medical plan.
>
> Those would be the only changes.
>
> Now, if it is determined by April that this is going to be going through as a divorce rather than a legal separation, the only change between

3.

what I just read into the record, and we'll be giving to the Court, is if it goes through as a divorce the Fifth on Page 5 will read as it was typed, The parties shall split equally all medical insurance and non-covered medical expenses for each of them equally. So Sharon would be responsible for half of Todd's medical insurance costs, and half of his non-covered medical expenses, and also Todd would be responsible for half of the premium, and half of Sharon's non-covered expenses.

{¶ 7} Todd's attorney then confirmed that "that is the agreement" and that "Plan A and Plan B are described * * * correctly." The magistrate then had the following exchange with the parties:

THE COURT: All right. Mrs. Wilson, is that your understanding of the options available at this point?

MS. WILSON: Yes.

THE COURT: Do you have any questions about that?

MS. WILSON: No.

THE COURT: Okay. And—so you're asking the Court to, again, whichever option is chosen by Mr. Wilson, to adopt that as your agreement between you and him; is that correct?

MS. WILSON: Yes.

THE COURT: Do you have any questions about that?

MS. WILSON: No.

THE COURT: All right. Mr. Wilson, is that your understanding of the options before you?

MR. WILSON: Yes.

THE COURT: Do you have any questions about those options?

MR. WILSON: Not at this time.

THE COURT: Okay. You understand then when we come back in April you're going to need to pick one of those two options, and then we'll proceed with as [sic] either a legal separation or a divorce, depending on which option you choose?

MR. WILSON: Okay.

THE COURT: You understand that?

MR. WILSON: Yes.

THE COURT: Do you have any questions about that?

MR. WILSON: Nope.

THE COURT: Okay. And you're asking the Court to adopt these two options as the options that are going to be available to you in this divorce and/or legal separation; correct?

MR. WILSON: Yeah, I want to ask one—one question.

THE COURT: Do you want to ask your attorney, or—yeah. Any other questions, Mr. Wilson?

MR. WILSON: No.

The magistrate adopted the terms read on the record as "the two options available to the parties." The parties did not, however, execute the Separation Agreement that was submitted as joint exhibit A.

{¶ 8} On June 30, 2016, Todd filed a "motion to set aside oral agreement," in which he argued that he did not intend to come to a final, binding agreement at the February 11 hearing and that the agreement violated the statute of frauds by purporting to transfer an interest in the marital home without a signed writing. Sharon filed a memorandum in opposition on July 19, 2016.

{¶ 9} On July 22, 2016, the trial court ordered that a "2-HOUR EVIDENTIARY HEARING" would be held on September 21, 2016, before the magistrate. The next entry on the trial court's docket, however, is a "Motion Requesting an Order," filed by Todd on September 27, 2016, in which he states:

Now comes Mr. Wilson, by and through undersigned counsel, and respectfully requests this Court issue an order approving or denying the Motion to Set Aside Oral Agreement. Counsel was at the hearing on Wednesday September 21, 2016 [sic] when Magistrate Quinn stated they could hold the hearing but the motion would be denied. Pursuant to that, counsel requests it be reduced to writing.

{¶ 10} On February 17, 2017, Todd filed a request for findings of fact and conclusions of law relating to his motion to set aside oral agreement.

6.

{¶ 11} The parties then appeared before the magistrate for a final hearing on February 21, 2017. At the beginning of the hearing, Todd's attorney argued that the parties did not reach a binding settlement agreement on February 11, 2016 because "there was no meeting of the minds because if [Todd] had to choose between one or the other he hadn't fully agreed to either one of them." In response, Sharon's attorney said that the separation agreement was the result of a "lengthy" process that involved many meetings and conversations between himself, Todd's former attorney, and the magistrate. Sharon's attorney represented that under the parties' oral agreement, as reached during the February 11, 2016 proceeding before the magistrate:

At that time, we went on the record, a Joint Exhibit A was submitted to the Court, being a comprehensive agreement for termination of the marriage; discussion was had with both parties at that time; and it was agreed that that—the contents of that document would be the final entry— would compose the final entry with the proviso that Mr. Wilson could elect to go forward with a divorce that he had filed as a counterclaim, or we would go forward with the legal separation.

{¶ 12} The magistrate stated that "[a]s [he] had indicated to both parties previous to this hearing, the motion to set aside the oral agreement that was filed in this case back on June 30th, 2016, is denied." The magistrate then indicated that "the Court is intent on proceeding today in regards to the original request for the legal separation."

7.

**{¶ 13}** The hearing then proceeded with Sharon's attorney eliciting testimony from both parties indicating that they were incompatible, and the magistrate confirmed that they had been living apart for more than one year. The magistrate granted a legal separation and ordered Sharon's attorney to draft a magistrate's decision incorporating the parties' separation agreement, as previously submitted in joint exhibit A. The record, however, does not contain a proposed magistrate's decision from Sharon's attorney. Nor did the magistrate file a written decision with respect to the legal separation, specifically.

**{¶ 14}** The day after the hearing, the clerk file stamped and entered a written order that memorialized the magistrate's oral rulings at the beginning of the February 21, 2017 hearing. That is, the written order denied Todd's motion to set aside oral agreement because "[t]he parties have entered into a definite settlement agreement, 'Joint Exhibit A'." The magistrate further ordered that "Defendant Louis [sic] Todd Wilson shall choose 'Plan A' Legal Separation or 'Plan B 'Divorce [sic]. Failing Defendant's choosing between 'Plan A' or 'Plan B', this case shall proceed upon Plaintiff's Complaint For a Legal Separation, alimony only."

**{¶ 15}** Sharon and Todd then filed separate proposed findings of fact and conclusions of law relating to the motion to set aside oral agreement. On May 4, 2017, the magistrate issued his findings of fact and conclusions of law. He found that the parties presented the court with a separation agreement at the final hearing on February 11, 2016. The agreement gave Todd two options that related solely to the allocation of medical insurance costs and out-of-pocket medical expenses. The

8.

magistrate also found that, although neither Sharon nor Todd signed the agreement, they jointly submitted it into evidence, the court questioned both of them about it, and neither party had any questions about the agreement. The magistrate then determined that Sharon and Todd had entered into a binding oral settlement agreement, that Todd understood his choices under the agreement, and that Todd was represented by competent counsel "during the entire process." He concluded that the parties' joint exhibit A represented "a very defined written integrated Settlement Agreement."

{¶ 16} On July 12, 2017—68 days after the findings of fact and conclusions of law were filed—Todd filed objections to the magistrate's decision. The trial court overruled Todd's objections because they were filed more than 14 days after the magistrate filed his findings of fact and conclusions of law and thus were untimely under Civ.R. 53.

{¶ 17} On July 25, 2017, the trial court filed a "final judgment for alimony only" that adopted the parties' settlement agreement, finding that:

> The parties have presented the Court with a written Separation Agreement marked "Joint Exhibit A" or have read into the record a settlement of all issues, which the Court finds to be a fair and equitable division of property and debts and an appropriate resolution of all issues, knowingly and voluntarily entered into by the parties.

{¶ 18} Todd now appeals, raising three assignments of error:

> Assignment of Error No. I. The Court erred in holding an uncontested hearing under protest when there was no agreement.

Assignment of Error No. II. The Court erred in denying the motion to set aside the oral agreement.

Assignment of Error No. III. The Court erred in approving the magistrate's decision when none was ever filed.

## II. Law and Analysis

### A. The Motion to Set Aside Oral Agreement

{¶ 19} We will address Todd's second assignment of error first. In it, he argues that the trial court abused its discretion by "not allow[ing] the oral 'agreement' to be set aside and a hearing to be held."

{¶ 20} A motion to set aside is the proper way for a party to seek rescission of an in-court settlement agreement. *Spicer v. Spicer*, 6th Dist. Erie No. E-14-101, 2015-Ohio-799, ¶ 11. If the motion disputes a term of the in-court settlement or contends that no settlement agreement exists, the trial court is required to hold an evidentiary hearing to resolve the dispute before entering judgment. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 683 N.E.2d 337 (1997), syllabus; *Michelle M.S. v. Eduardo H.T.*, 6th Dist. Erie No. E-05-053, 2006-Ohio-2119, ¶ 13.

{¶ 21} If a trial court does not hold the required hearing, an appellant nonetheless waives this error for purposes of appellate review where "[t]he record shows no indication that appellant requested an evidentiary hearing or objected to the nature of the proceedings." *Monea v. Campisi*, 5th Dist. Stark No. 2004CA00381, 2005-Ohio-5215, ¶ 11; *Hopes v. Barry*, 11th Dist. Ashtabula No. 2010-A-0042, 2011-Ohio-6688, ¶ 33 ("by

10.

not specifically requesting a formal *Rulli* evidentiary hearing or objecting to the lack of such a hearing, appellants have waived this issue on appeal."). That is because "[a]n appellate court need not consider any error which counsel could have, but did not call to the trial court's attention at a time when the error could have been avoided or corrected." *Monea* at ¶ 11.

### 1. Todd Expressly Waived the Evidentiary Hearing

{¶ 22} Here, the docket indicates that a few days after Sharon filed her opposition to Todd's motion to set aside oral agreement, the trial court, sua sponte, scheduled a "2-HOUR EVIDENTIARY HEARING" for September 21, 2016.

{¶ 23} The next docket entry is a "motion requesting an order," filed by Todd on September 27, 2016—six days after the evidentiary hearing was scheduled to occur— which states:

> Now comes Mr. Wilson, by and through undersigned counsel, and respectfully requests this Court issue an order approving or denying the Motion to Set Aside Oral Agreement. Counsel was at the hearing on Wednesday September 21, 2016 [sic] when Magistrate Quinn stated they could hold the hearing but the motion would be denied. Pursuant to that, counsel requests it be reduced to writing.

{¶ 24} This filing demonstrates that when the parties appeared for the scheduled evidentiary hearing, the magistrate stated that he intended to deny Todd's motion but "they could hold the hearing" nonetheless. At that point, Todd could have either insisted

11.

that the court proceed with the evidentiary hearing *or* objected to the magistrate's intention to issue a ruling on his motion without a hearing. He did neither. Instead, he filed a motion for a written order from the magistrate "approving or denying the Motion to Set Aside Oral Agreement"—which expressly acknowledged, *but did not object to*, the magistrate's failure to hold an evidentiary hearing on his motion.

{¶ 25} Then, Todd went a step further and *expressly waived* the evidentiary hearing in a subsequent court filing. On April 3, 2017, Todd filed proposed findings of facts and conclusions of law related to his motion to set aside oral agreement. In that filing, Todd affirmatively stated that although an evidentiary hearing on such a motion is required under *Rulli*, 79 Ohio St.3d 374, 683 N.E.2d 337, at syllabus, he believed that "[t]his is inconsequential herein and *no hearing need be held*." (Emphasis added.)

{¶ 26} In light of Todd's express representations to the trial court that "no hearing need be held," he cannot now complain that the trial court erred by failing to hold a hearing on his motion to set aside oral agreement. Todd expressly waived this error, which precludes appellate review of the issue.

### 2. Todd Failed to File Timely Objections to the Magistrate's Decision

{¶ 27} Todd argues that the magistrate abused his discretion by denying his motion to set aside oral agreement. As a preliminary matter, at the appellate stage, we do not determine whether the magistrate abused his discretion but, rather, whether the trial court abused its discretion by adopting the magistrate's decision. *Berry v. Firis*, 9th Dist. Medina No. 05CA0109-M, 2006-Ohio-4924, ¶ 7, quoting *Mealey v. Mealey*, 9th Dist.

12.

Wayne No. 95CA0093, 1996 Ohio App. LEXIS 1828 (May 8, 1996) ("'Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision.'"). And, if an appellant did not file timely objections to the magistrate's decision as required by Civ.R. 53, that party cannot assert *any* error on appeal related to that decision "[e]xcept for a claim of plain error." Civ.R. 53(D)(3)(b)(iv). As explained below, Todd did not file timely objections to the magistrate's decision and is therefore limited to a claim of plain error.

{¶ 28} On February 22, 2017, the magistrate denied Todd's motion to set aside oral agreement in a written "Magistrate's Order" in which he concluded the following:

> The parties have entered into a definite settlement agreement, "Joint Exhibit A".

> **IT IS FURTHER ORDERED** that on February 21, 2017, Defendant Louis [sic] Todd Wilson shall choose "Plan A" Legal Separation or "Plan B "Divorce [sic]. Failing Defendant's choosing between "Plan A" or "Plan B", this case shall proceed upon Plaintiff's Complaint For a Legal Separation, alimony only.

{¶ 29} In a motion filed on February 17, 2017, and again at the hearing on February 21, 2017, Todd's counsel requested findings of fact and conclusions of law related to Todd's motion to set aside oral agreement. On March 17, 2017, the magistrate issued an order stating that the parties should submit such proposed findings of fact and conclusions of law by April 3, 2017. Sharon and Todd both filed proposed findings.

13.

**{¶ 30}** On May 4, 2017, the magistrate issued his findings of fact and conclusions of law, in which he denied Todd's motion to set aside oral agreement and included the following legal analysis:

In this case, a very defined written integrated Separation Agreement was entered into the record by both parties as "Joint Exhibit A" with the Defendant to be given leave to decide whether he would choose to proceed in an alimony only action, paying the Plaintiff's U.A.W. retiree insurance premium, and the Plaintiff being responsible for all non-covered expenses, or: "B", choosing to proceed on his Counter-Claim for Divorce wherein both parties would split equally the medical insurance premiums and non-covered medical expenses for each. The choice given to the Defendant, although somewhat different, doesn't substantially differ from choices found in many agreed-upon Separation Agreements wherein one party can choose to either refinance a real estate parcel, removing the other person's obligation on the note, or choosing to sell the property with an agreed division of profits or losses.

It was made clear to the Defendant on the record, by both his legal counsel at the time as well as the Court what his two options were. The Defendant indicated on the record both his understanding and agreement of the issue at hand. The Defendant was represented by competent counsel during the entire process.

{¶ 31} On July 12, 2017—68 days later—Todd filed objections to the magistrate's order, claiming that his objections were timely because the order had "yet to be journalized." The record, however, clearly reveals that the magistrate's order was, in fact, properly journalized on May 5, 2017.[1] Thus, by order dated July 25, 2017, the trial court properly overruled Todd's objections because they were not filed within 14 days after the magistrate's findings of fact and conclusions of law and, therefore, were untimely under Civ.R. 53(D)(3)(b)(i).

{¶ 32} Notably, although the trial court overruled Todd's objections in that order, it did not expressly adopt the magistrate's order at that time. But, in its "Final Judgment For Alimony Only" dated July 25, 2017, the trial court fully adopted and expressly incorporated the parties' separation agreement that was memorialized on February 11, 2016, as joint exhibit A, and independently concluded:

> The parties have presented the Court with a written Separation
> Agreement marked "Joint Exhibit A" or have read into the record a
> settlement of all issues, which the Court finds to be a fair and equitable
> division of property and debts and an appropriate resolution of all issues,
> knowingly and voluntarily entered into by the parties.

---

[1] The magistrate's order contains the handwritten notations "J 783/1272" and "5-5-17," and the docket entry for the findings of fact and conclusions of law lists "783-1272-783" in the column labeled "Journal Book-Page-Nbr."

**{¶ 33}** We find that this express conclusion was necessarily an adoption of the magistrate's May 4, 2017 decision, in which he found that "a very defined written integrated Separation Agreement was entered into the record by both parties as 'Joint Exhibit A.'" *See Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, ¶ 18, fn. 3 ("Although the trial court did not explicitly state whether it chose to adopt, modify, or reject the magistrate's decision pursuant to Civ.R. 53(D)(4)(b), the court's ultimate judgment reflects that it largely adopted the magistrate's decision.").

Accordingly, given that Todd did not file timely objections to the May 4, 2017 magistrate's decision, Todd has waived all but plain error review of the trial court's adoption of joint exhibit A as the parties' separation agreement.

### 3. The Trial Court Did Not Commit Plain Error

**{¶ 34}** The Supreme Court of Ohio has instructed that when applying the doctrine of plain error in a civil case, "the doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. * * * The plain error doctrine should never be applied to reverse a civil judgment simply because a reviewing court disagrees with the result obtained in the trial court * * *." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997).  (Emphasis sic.)

16.

{¶ 35} Here, Todd has not asserted a claim for plain error. He, therefore, has waived *any* alleged error on appeal. *State v. Perkins*, 9th Dist. Medina No. 17CA0048-M, 2018-Ohio 2240, ¶ 8.

{¶ 36} We, however, retain discretion to conduct a plain error analysis nonetheless. *Wood v. Fillinger*, 8th Dist. Cuyahoga No. 100464, 2014-Ohio-1842, ¶ 11, fn. 2, citing *Rose v. Cochran*, 2d Dist. Montgomery No. 25498, 2013-Ohio-3755, ¶ 40. Having reviewed the entire record, we do not find any basis to conclude that this is an "extremely rare" or "exceptional" case that requires reversal for plain error. Specifically, we note that although Todd asserts a purely legal argument relating to the trial court's enforcement of the parties' separation agreement—i.e., that the agreement allegedly violates the statute of frauds because it purports to award an interest in the marital home but was not signed by the parties—that argument is unfounded.

{¶ 37} Ohio's statute of frauds, codified in R.C. Chapter 1335, states in pertinent part that "No lease, estate, or interest * * * of, in, or out of lands * * * shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it * * * or by act and operation of law." R.C. 1335.04. In-court settlement agreements do not need to comply with the statute of frauds. *Dept. of Natural Resources v. Hughes*, 6th Dist. Erie No. E-00-002, 2000 Ohio App. LEXIS 5559 (Nov. 30, 2000); *Michaels v. Michaels*, 9th Dist. Medina No. 09CA0047-M, 2010-Ohio-963, ¶ 15 ("The statute of frauds does not apply when a court codifies an in-court settlement by way of a written journal entry."); *Thomas v. Thomas*, 5 Ohio App.3d 94, 99, 449 N.E.2d 478 (5th

17.

Dist.1982) ("We find that the Statute of Frauds has no application to an 'in-court' settlement stipulation nor to the order of a court * * *."). Courts have arrived at this conclusion because settlement agreements, in and of themselves, do not assign or grant a lease, estate, or interest in land. *See, e.g., Rothfusz v. Fitzgerald*, 8th Dist. Cuyahoga No. 64526, 1994 Ohio App. LEXIS 353 (Feb. 3, 1994) (settlement agreement did not violate statute of frauds because "[t]he real estate transfer was a mere by-product of the agreement to settle.").

**{¶ 38}** For all these reasons, we find that Todd's second assignment of error, which assigns error related to the motion to set aside oral agreement, is not well-taken.

## B.  The Final Hearing Could Proceed Despite Todd's "Protest"

**{¶ 39}** In his first assignment of error, Todd contends that the magistrate should not have held a final hearing when Todd participated "under protest" and objected to the terms of the separation agreement.

**{¶ 40}** Todd's arguments are premised solely on the separation agreement being invalid; he does not cite any case law to support his position that a final hearing in a divorce or legal separation case cannot proceed if one party goes forward "under protest." Given that we have already concluded that any error relating to the trial court's enforcement of the parties' settlement agreement has been waived, and that this is not an exceptional case involving plain error, we find that Todd's first assignment of error is not well-taken.

18.

## C. The Trial Court had the Authority to Adopt the Separation Agreement without a Magistrate's Decision

**{¶ 41}** In his third assignment of error, Todd argues that the trial court abused its discretion "in approving the magistrate's decision when none was ever filed." Although Todd references both the final hearing on February 21, 2017, and the findings of fact and conclusions of law that the magistrate issued on the motion to set aside, it appears that this assignment of error relates only to the trial court issuing a final judgment entry that granted a legal separation without an underlying written decision from the magistrate that recommended granting a legal separation.

**{¶ 42}** Todd's argument is misplaced, however, because the trial court did not adopt recommendations from the magistrate that were never memorialized in a magistrate's decision. Rather, as discussed, the trial court implicitly adopted the magistrate's written May 4, 2017 decision—in which the magistrate found that "a very defined written integrated Separation Agreement was entered into the record by both parties as 'Joint Exhibit A'"—when the trial court independently concluded that the "written Separation Agreement marked 'Joint Exhibit A' * * * [was] knowingly and voluntarily entered into by the parties." Then, once the validity of the written separation agreement marked joint exhibit A was established, the trial court granted Todd and Sharon a legal separation based on that separation agreement.

**{¶ 43}** When the parties in a divorce or legal separation case reach an in-court settlement, the trial court has the discretion to (1) adopt the agreement in full by incorporating it into a final judgment entry; (2) reject some of the terms in the agreement,

19.

make independent rulings on those terms, and incorporate the independent rulings and the remaining terms of the agreement into a final judgment entry; or (3) reject the entire agreement and make independent rulings on all of the issues raised in the complaint. *Lambert v. Lambert*, 6th Dist. Fulton No. F-05-002, 2005-Ohio-6145, ¶ 16. The trial court retains its authority to adopt a separation agreement and issue a final judgment entry even after the case is referred to a magistrate. *See Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, ¶ 50. And although Civ.R. 53(D)(3)(a)(i) requires that "a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1)," the magistrate is not required to issue a decision when there is "nothing for the magistrate to decide." *Id.*

{¶ 44} Here, the trial court chose to adopt the parties' in-court settlement agreement. Because Todd and Sharon resolved their issues—even though Todd is dissatisfied with the resolution—the trial court did not need a magistrate's decision before it could exercise its authority to adopt the parties' settlement agreement as outlined in joint exhibit A. *Id.* Accordingly, we find that the trial court did not err by issuing the final judgment entry. Todd's third assignment of error is not well-taken.

### {¶ 45} Conclusion

{¶ 46} Based on the foregoing, the July 25, 2017 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Todd is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

20.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____

                                                                  JUDGE

Arlene Singer, J.                            

                                            _____

Christine E. Mayle, P.J.                  JUDGE
CONCUR.

                                            _____

                                                                  JUDGE