[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunley v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2019-Ohio-933.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-933

THE STATE EX REL. HUNLEY, APPELLANT, *v.* DEPARTMENT OF

REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it

may be cited as *State ex rel. Hunley v. Dept. of Rehab. & Corr.,* Slip Opinion

No. 2019-Ohio-933.]

*Mandamus—Procedendo—Inmate's sentences ran consecutively by operation of*

*statute even though judgment entry is silent on issue—Writ of procedendo*

*is appropriate when a* court *has refused to render a judgment or has*

*unnecessarily delayed proceeding to judgment—Court of appeals' denial of*

*petition affirmed.*

(No. 2018-0972—Submitted January 29, 2019—Decided March 20, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-593.

_____

**Per Curiam.**

{¶ 1} Appellant, Harold Joseph Hunley, appeals the judgment of the Tenth District Court of Appeals denying his petition for a writ of mandamus and/or

procedendo to compel the Bureau of Sentence Computation of appellee, Ohio Department of Rehabilitation and Correction ("DRC"), to recalculate his maximum sentence. We affirm.

## Background

{¶ 2} In 1989, Hunley pleaded guilty to robbery and was sentenced to 3 to 15 years in prison. Hunley was paroled in 1992, but later that year, he again pleaded guilty to robbery and was sentenced to 3 to 15 years in prison. He was paroled a second time in 1997.

{¶ 3} In 2008, Hunley pleaded guilty in three separate cases in the Franklin County Court of Common Pleas. In these cases, the court imposed concurrent sentences of ten months in prison for forgery and two six-year terms for robbery. The trial court also sentenced Henley to two three-year prison terms for gun specifications, to run consecutively to the other sentences.

{¶ 4} On June 17, 2015, Hunley filed a complaint for a writ of mandamus and/or procedendo in the Tenth District Court of Appeals, arguing that his maximum sentence should expire in 2019 instead of 2025 (as DRC had calculated) because his 1989 and 1992 sentences should run concurrently. The magistrate recommended denying the writ, concluding that the two 3-to-15-year sentences were to be served consecutively. Hunley did not file objections to the magistrate's decision. The court of appeals adopted the magistrate's decision and held that DRC correctly determined that because the trial court's 1992 judgment entry is silent on the issue, it is presumed that the 1989 and 1992 sentences are consecutive.

## Legal Analysis

{¶ 5} Pursuant to Civ.R. 53(D)(3)(b)(iv), we review the record for plain error because Hunley failed to file written objections to the magistrate's decision and thus waived any challenge to the court of appeals' adoption of the magistrate's findings of fact and conclusions of law. *State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3.

**{¶ 6}** To be entitled to a writ of mandamus, Hunley was required to prove (1) a clear legal right to the requested relief, (2) a clear legal duty on DRC's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 7}** In support of his first proposition of law, Hunley claims that DRC altered the trial court's 1992 judgment entry by determining that that sentence was to run consecutively to his 1989 sentence, even though the judgment entry is silent as to whether the sentences were consecutive or concurrent. Hunley is subject to the sentencing schemes in effect at the time each of his offenses was committed. *See, e.g.*, *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496, ¶ 9; *State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 121. The version of R.C. 2929.41(B)(3) that was in effect in 1992 stated that "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment * * * [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee." Former R.C. 2929.41(B)(3), Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1307, 1438.

**{¶ 8}** Because Hunley was on parole when he reoffended in 1992, his sentences ran consecutively by operation of statute, even though the 1992 judgment entry is silent on that issue. *State ex rel. Smith v. Schweitzer*, 153 Ohio St.3d 232, 2018-Ohio-2396, 103 N.E.3d 816, ¶ 7. Hunley's argument therefore lacks merit.

**{¶ 9}** As his second proposition of law, Hunley maintains that the court of appeals violated his due-process rights when it affirmed DRC's alleged altering of the trial court's 1992 judgment entry. As stated above, however, the court of appeals did not err in concluding that former R.C. 2929.41(B)(3) required consecutive sentences. We affirm the court of appeals' denial of Hunley's request for a writ of mandamus.

**{¶ 10}** Finally, Hunley also seeks a writ of procedendo, but a writ of procedendo is appropriate when a *court* has refused to render a judgment or has unnecessarily delayed proceeding to judgment, *e.g.*, *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996), and DRC is not a court.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Harold Joseph Hunley, pro se.

Dave Yost, Attorney General, and Thomas E. Madden, Assistant Attorney General, for respondent.

_____