[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Herring v. Wainwright*, Slip Opinion No. 2020-Ohio-4521.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4521

THE STATE EX REL. HERRING, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Herring v. Wainwright*, Slip Opinion No. 2020-Ohio-4521.]

*Habeas corpus—Statutory presumption that sentences are to be served concurrently does not apply to sentences imposed for firearm specifications—Inmate's firearm-specification terms run consecutively to prior sentence by operation of former R.C. 2929.14(E)(1)(a) even though sentencing entries imposing firearm-specification terms did not mention prior sentence—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0283—Submitted June 16, 2020—Decided September 23, 2020.)

APPEAL from the Court of Appeals for Marion County,

No. 9-19-49.

_____

**Per Curiam.**

{¶ 1} Appellant, Raymond Herring, a prison inmate, filed a petition for a writ of habeas corpus in the Third District Court of Appeals alleging that he has served his prison sentences and is entitled to immediate release. The court of appeals determined that Herring's claim lacks merit and dismissed his petition. We affirm.

**Background**

{¶ 2} In 1993, Herring was sentenced to an indeterminate prison term of 8 to 25 years for felonious assault. At that time, his latest possible release date was April 3, 2018. In the intervening years, however, Herring was paroled twice and—based on his conduct while on parole—sentenced for multiple additional offenses. At issue here is whether portions of his later sentences (imposed in 2001 and 2008) are to run consecutively to his 1993 sentence, thereby extending his release date.

{¶ 3} Herring was first paroled in 1999. In 2001, he was sentenced to a three-year prison term for abduction and an additional, mandatory three-year term for a firearm specification. The entry imposing the sentence stated that "the Three (3) year mandatory sentence imposed in this case [is to] be served prior to, and CONSECUTIVELY, with the sentence imposed" for the abduction count. (Capitalization sic.) The entry did not refer to Herring's 1993 sentence.

{¶ 4} Herring was paroled again in 2006. In 2008, he pleaded guilty to multiple firearm and drug offenses, along with multiple firearm specifications. For those convictions Herring received an aggregate 30-month prison sentence, which included a mandatory one-year term for a firearm specification, to be served "prior to and consecutive with" the terms imposed for his 2008 base offenses. The 2008 sentencing entry, like the 2001 sentencing entry, did not refer to Herring's 1993 sentence.

{¶ 5} In August 2019, Herring filed a petition for a writ of habeas corpus in the Third District against Lyneal Wainwright, warden of the Marion Correctional

2

Institution, alleging that the 2001 and 2008 sentencing courts did not order him to serve any portion of his 2001 and 2008 sentences consecutively to his 1993 sentence. Herring alleges that after accounting for the time when he was found to be a parole violator at large, he should have been released in January 2019. The warden moved for summary judgment, arguing that the mandatory prison terms imposed for the firearm specifications (three years in 2001 and one year in 2008) added four years to Herring's sentence—resulting in a release date of December 31, 2022. The Third District granted summary judgment in the warden's favor and dismissed Herring's petition. Herring appealed to this court as of right.

## Analysis

{¶ 6} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Peagan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). The writ is appropriate if the petitioner is entitled to immediate release from prison. *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998). We review the court of appeals' decision granting summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12.

{¶ 7} The parties agree that Herring was to serve the base sentences imposed in 2001 and 2008 concurrently with his 1993 sentence. Those portions of the later sentences are not in dispute, because the courts that sentenced Herring in 2001 and 2008 did not make any findings necessary to overcome the statutory presumption that multiple sentences of imprisonment imposed on an offender "shall be served concurrently," R.C. 2929.41(A). The sentencing courts' silence concerning the 1993 sentence, in other words, caused the 2001 and 2008 base sentences to run concurrently by operation of R.C. 2929.41(A). *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 10.

**{¶ 8}** Herring contends that the same rule applies to the mandatory firearm-specification sentences imposed in 2001 and 2008. He says that because the 2001 and 2008 sentencing entries do not refer to the 1993 sentence, it is the Bureau of Sentence Computation ("BSC")—not the sentencing courts—that decided to make the firearm-specification terms of the later sentences run consecutively. Herring's claim lacks merit, however, because the statutory presumption that sentences are to be served concurrently does not apply to sentences imposed for firearm specifications.

**{¶ 9}** When Herring's 2001 and 2008 sentences were imposed, R.C. 2929.41(A)'s presumption favoring concurrent sentences applied "[e]xcept as provided in" R.C. 2929.14(E).[1] *See* Am.Sub.S.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8389; Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9484, 9691. Former R.C. 2929.14(E)(1)(a), in turn, provided that if a mandatory prison term is imposed under R.C. 2929.14(D)(1)(a) (for having a firearm while committing a felony), "the offender shall serve any mandatory prison term imposed * * * consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Am.Sub.S.B. No. 222, 148 Ohio Laws, Part V, 10900, 10932-10933; 2007 Am.Sub.S.B. No. 10. Based on this law, it is clear that the BSC did not change Herring's maximum sentence; Herring's firearm-specification terms run consecutively to his 1993 sentence by operation of former R.C. 2929.14(E)(1)(a), even though the 2001 and 2008 sentencing entries were silent as to the 1993 sentence. *See State ex rel. Smith v. Schweitzer*, 153 Ohio St.3d 232, 2018-Ohio-2396, 103 N.E.3d 816, ¶ 7; *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.2d 498, ¶ 8-10.

---

1. At those times, R.C. 2929.41(A) made an exception for sentences imposed under R.C. 2929.14(E), and R.C. 2929.14(E)(1)(a) referred to sentences imposed for firearm specifications under R.C. 2929.14(D). Currently, R.C. 2929.41(A) makes an exception for sentences imposed under R.C. 2929.14(C), and R.C. 2929.14(C)(1)(a) refers to sentences imposed for firearm specifications under R.C. 2929.14(B).

{¶ 10} Because Herring will not complete his lawfully imposed prison sentences until December 31, 2022, he is not entitled to immediate release. We therefore affirm the court of appeals' judgment dismissing Herring's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Raymond Herring, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____