**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jones v. Foley*, **Slip Opinion No. 2022-Ohio-2551.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2551

JONES *v*. FOLEY, WARDEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jones v. Foley*, Slip Opinion No. 2022-Ohio-2551.]**

*Habeas corpus—Petitioner not entitled to writ because he has not served his maximum prison sentence—Writ denied.*

(No. 2022-0212—Submitted May 27, 2022—Decided July 28, 2022.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Petitioner, Michael Jones, an inmate at the Grafton Correctional Institution ("GCI"), has filed a petition for a writ of habeas corpus against respondent, Keith Foley, who is the warden at GCI. We ordered Foley to file a return of writ. 166 Ohio St.3d 1466, 2022-Ohio-1163, 185 N.E.3d 105. Based on the evidence in the record, we deny the writ.

**Background**

**{¶ 2}** In 1982, Jones pleaded guilty to one count of gross sexual imposition in Cuyahoga C.P. No. CR-173927. The trial court sentenced Jones in that case to a prison term of two to five years but suspended the sentence and placed Jones on probation for three years.

**{¶ 3}** In March 1983, Jones pleaded guilty to rape and felonious assault in Cuyahoga C.P. No. CR-178371. In April 1983, the trial court sentenced Jones in that case to prison "for a term of six (6) years to twenty-five (25) years [for the rape offense] and for a term of five (5) years to fifteen (15) years [for the felonious-assault offense], concurrent." As a result of those new offenses, Jones was found to have violated the terms of his probation in the 1982 case, Cuyahoga C.P. No. CR-173927, and was resentenced in that case to the five-year prison sentence that had been suspended.

**{¶ 4}** In 1991, Jones was indicted on charges of kidnapping and attempted rape in Cuyahoga C.P. No. CR-268188. In November 1991, he pleaded guilty in that case to attempted rape and was sentenced to a prison term of 3 to 15 years.

**{¶ 5}** In his petition, Jones alleges that in each of the cases, the trial court ordered all his sentences to be served concurrently. According to Jones, if he "served the maximum sentence with everything running concurrent and including good time credited, he would have been released in 2007." He asserts, however, that the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority are keeping him in prison because they believe that the trial courts ordered his sentences to be served consecutively, for an aggregate prison term of 9.5 to 45 years.

**Legal analysis**

**{¶ 6}** To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or other confinement. R.C. 2725.01; *State ex rel. Cannon v.*

*Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus 'will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law.' " *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6, quoting *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9. An inmate who has served his maximum term may be entitled to a writ of habeas corpus. *See State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 17.

**{¶ 7}** In 1982, Jones received a five-year suspended sentence in Cuyahoga C.P. No. CR-173927, which he concedes was converted into an actual five-year prison sentence the following year. The 1983 sentencing entry in Cuyahoga C.P. No. CR-178371 imposed two sentences, one for rape and one for felonious assault, and it ordered those sentences to be served concurrently *as to one another*. But contrary to Jones's allegation, the 1983 sentencing entry in Cuyahoga C.P. No. CR-178371 did not even mention the sentence imposed in Cuyahoga C.P. No. CR-173927, much less order that the sentences in the newer case be served concurrently with any sentence from any earlier case.

**{¶ 8}** When Jones reoffended while he was on probation in Cuyahoga C.P. No. CR-173927, R.C. 2929.41(B) stated: "A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases: * * * (3) When it is imposed for a new felony committed by a probationer, parolee, or escapee." Former R.C. 2929.41(B), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 19. Because Jones was a probationer at the time that he reoffended, "his sentences ran consecutively by operation of the statute." *State ex rel. Smith v. Schweitzer*, 153 Ohio St.3d 232, 2018-Ohio-2396, 103 N.E.3d 816, ¶ 7. Thus, after combining the sentences imposed in the 1982 and 1983 cases, Jones was subject to

a maximum aggregate prison term of 30 years, which would have expired around 2012.

**{¶ 9}** The same analysis applies to the 3- to 15-year sentence imposed on Jones in 1991 for attempted rape.[1] In his return of writ, Foley shows that Jones was released on parole under yet another case in February 1989. He committed the 1991 offense (attempted rape) while he was on parole, so his sentences run consecutively by operation of law. Adding Jones's 1991 prison sentence of 3 to 15 years to his prior sentences yields a maximum aggregate prison term of 45 years, which will not expire until at least 2026. Because he has not served his maximum prison sentence, Jones is not entitled to a writ of habeas corpus.

### Conclusion

**{¶ 10}** For the reasons stated above, we deny the petition for a writ of habeas corpus.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Michael Jones, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for respondent.

_____

---

1. Am.Sub.S.B. No. 2, which changed the law governing concurrent and consecutive sentences, did not become effective until July 1, 1996. *See* 146 Ohio Laws, Part IV, 7136, 7502-7503, 7810. Under current law, all sentences of imprisonment shall be served concurrently unless the sentencing judge makes certain findings, including a finding that consecutive sentences are necessary to protect the public or to punish the offender. R.C. 2929.41(A); R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The fact that a defendant was on probation or parole for a prior offense at the time of the new offense is now only one factor that a court may cite as a ground for imposing consecutive sentences, R.C. 2929.14(C)(4)(a), not a circumstance that *requires* consecutive sentences.