[Cite as *In re Estate of Stotz v. Stotz*, 2023-Ohio-663.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re Estate of David P. Stotz                    Court of Appeals No.  S-22-014

Thomas Stotz, et al.                              Trial Court No.  201901196A

       Appellees

v.

Jane D. Stotz                                     **<u>DECISION AND JUDGMENT</u>**

       Appellant                        Decided:  March 3, 2023

\* \* \* \* \*

Andrew R. Mayle, Benjamin G. Padanilam, and Ronald J.
Mayle, for appellees.

Jonathan D. Balcerzak, Kevin A. Heban, and John P.
Lewandowski, for appellant.

\* \* \* \* \*

**ZMUDA, J.**

## I.     Introduction

**{¶ 1}** Appellant, Jane Stotz, appeals the judgment of the Sandusky County Court

of Common Pleas, Probate Division, finding that appellant's filing of a complaint in the

general division of the Sandusky County Court of Common Pleas triggered the in

terrorem clause in her late husband's, David Stotz, last will and testament, and consequently denying her motion for summary judgment and granting the motion for partial summary judgment filed by David's children, Thomas Stotz, Amy Forgatsch, Jennifer Huntley, and Matthew Stotz (hereinafter referred to as "appellees").

## A.    Facts and Procedural Background

{¶ 2} Prior to their marriage, on September 25, 2007, appellant and David entered into a prenuptial agreement.  Under section 8 of the agreement, David was identified as the owner of the marital residence located at 105 Wisteria Drive, Fremont, Ohio 43420. As to the marital residence, the agreement provided that "[i]n the event of the demise during the marriage of [David] or [appellant], the survivor may continue to reside in the home under the same terms as she or he would if a life tenant, so long as the parties remain married and living together at the time of the demise of the first party's death." Further, the agreement provides that the marital residence shall be sold upon the death of the surviving spouse, and the proceeds from the sale "divided equally among the five (5) children of the parties," four of whom were David's children and one of whom was appellant's child.

{¶ 3} In addition to the foregoing provisions, the prenuptial agreement addressed the couple's interest in a Motorists life insurance policy.  Concerning the policy, the agreement identifies David as the owner and directs that the policy "will have a primary beneficiary of [appellant] and a secondary beneficiary of the [couple's] five (5) children * * * and their issue, per stirpes."

2.

**{¶ 4}** On October 13, 2007, David and appellant were married. Thereafter, on April 3, 2008, David executed a last will and testament naming appellant as the executor, in which appellant and appellees are the named beneficiaries. Similar to the terms of the prenuptial agreement, David's last will and testament permitted appellant to remain in the marital residence on Wisteria Drive without paying rent for the duration of her lifetime, and specified that the residence would be sold upon David's death if appellant predeceased him, and the proceeds from the sale divided among the couple's five children, "share and share alike, per stirpes." The last will and testament does not reference David's Motorists life insurance policy.

**{¶ 5}** In addition to the foregoing, David's last will and testament includes an in terrorem clause, which provides:

> Every heir, legatee, devisee or beneficiary under this Will who shall contest in any court any provision of this instrument, shall not be entitled to any devise, legacy or benefit under this will or any codicil hereto or any trust created hereby and any and all devises, legacies and portions of the income or corpus of my estate or trust shall lapse and shall be given, distributed and pass as though such person had died prior to my death, leaving no living lawful descendants. My executor herein named and the trustee herein named and any successor fiduciaries are specifically authorized to defend at the expense of my estate any contest or attack of any nature upon this will or any codicil hereto or upon any paragraph or provision hereof.

3.

{¶ 6} On June 29, 2019, approximately 11 years after he executed his last will and testament, David died. At the time of his death, David continued to reside with appellant in the martial residence on Wisteria Drive.

{¶ 7} On April 1, 2021, appellant filed a complaint in the general division of the Sandusky County Court of Common Pleas, asserting claims against appellees for unjust enrichment, civil conversion, fraud, and intentional interference with inheritance. According to her complaint, appellant was not listed as the primary beneficiary under David's Motorists life insurance policy at the time of David's death. Consequently, and in contravention of the terms of the couple's prenuptial agreement, appellant claimed she "only received $18,000 from the Policy rather than the entire $90,000."

{¶ 8} Moreover, appellant asserted that she was entitled to a life estate in the marital residence under the terms of the prenuptial agreement and David's last will and testament, and further alleged that the prenuptial agreement "clearly implies that [she] has an equitable (one fifth) interest in the marital residence." Thus, appellant sought, in part, an order "demanding that [appellees] return the assets they received from the [Motorists] Policy," and permitting her to "keep a life estate in the marital residence and be deemed to own a twenty percent (20%) equitable interest in the marital residence."

{¶ 9} In response to appellant's complaint, appellees filed their own complaint for a declaratory judgment in the probate court on May 24, 2021. According to appellees' complaint, appellant's request for an order granting her a 20 percent equitable interest in the marital residence triggered the in terrorem clause in David's last will and testament,

4.

because neither the prenuptial agreement nor the last will and testament provides appellant with such an interest in the marital residence. Therefore, appellees sought an order from the probate court declaring that appellant "is entitled to nothing from the estate, including no right to reside in the marital residence."

{¶ 10} Appellant filed her answer to appellees' complaint on July 28, 2021. In her answer, she denied appellees' allegations that the filing of her complaint in the general division triggered the in terrorem clause in David's last will and testament.

{¶ 11} Thereafter, on August 5, 2021, appellees filed a motion for partial summary judgment, seeking a declaration from the probate court that the in terrorem clause in David's last will and testament was valid, that appellant triggered the clause by filing her complaint, and that therefore David's estate must be administered as though appellant died prior to David leaving no living lawful descendants. Appellees contended that appellant, in filing her complaint, sought "to gain through general-division litigation more than she'd inherit through probate-court administration." As such, appellees asserted that the broad language contained in the in terrorem clause was triggered and precluded appellant from inheriting anything under David's last will and testament.

{¶ 12} On August 13, 2021, appellant responded by filing a competing motion for summary judgment, in which she insisted that her complaint did not seek to challenge any provision of David's last will and testament and her claim for an equitable interest in the marital residence "relates only to [her] already-existing interest in the marital home, and does not contravene the terms of the Decedent's Will."

5.

{¶ 13} Upon consideration of the parties' arguments, the probate court's magistrate issued a decision on May 4, 2022. In her decision, the magistrate found that the in terrorem clause in David's last will and testament is enforceable, that appellant triggered the clause "[b]y bringing suit in the General Division seeking a 20% equitable interest in the marital residence," and that the remedy under the clause is the prohibition of appellant "from taking under the will, or against the will." In her analysis, the magistrate explained that appellant's filing of her complaint in the general division constituted an effort to receive more than appellant was entitled to under the will. The magistrate explained that "by seeking more than she is entitled to, [appellant] is asking the General Division to change the plain language of the will."

{¶ 14} On the same day the magistrate's decision was issued, the trial court issued its judgment entry adopting the magistrate's decision, granting appellees' motion for partial summary judgment, denying appellant's motion for summary judgment, and ruling that David's last will and testament "shall be administered as if [appellant] had died prior to David P. Stotz, leaving no living lawful descendants." Thereafter, on May 27, 2022, appellant filed her timely notice of appeal. Notably, appellant filed no objections to the magistrate's decision.

### B. Assignment of Error

{¶ 15} On appeal, appellant assigns the following error for our review:

Assignment of Error No. 1: The trial court erred by granting Appellees' Motion for Partial Summary Judgment.

6.

## II.     Analysis

{¶ 16} In her sole assignment of error, appellant argues that the trial court erroneously granted appellees' motion for partial summary judgment.

{¶ 17} Before addressing the merits of appellant's arguments, we must first identify the standard of review that governs this appeal.  Under Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, *whether or not the court has adopted the decision during that fourteen-day period* as permitted by Civ.R. 53(D)(4)(e)(i)."  (Emphasis added).  Moreover, Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 18} As noted above, appellant did not object to the magistrate's decision in this case, opting instead to directly appeal the trial court's decision adopting the magistrate's decision.  Consequently, Civ.R. 53(D)(3)(b)(iv) applies, and appellant's arguments are reviewable only for plain error.  *See Lake Twp. V. Walbridge*, 6th Dist. Wood No. WD-21-008, 2021-Ohio-3761, ¶ 31 ("If an appellant does not file timely objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b), that party cannot assert *any* error on appeal related to that decision '[e]xcept for a claim of plain error * * *.' Civ.R. 53(D)(3)(b)(iv).").

7.

**{¶ 19}** In their brief to this court, appellees urge us to summarily affirm the decision of the probate court without examining the merits of appellant's argument based upon appellant's failure to object to the magistrate's decision. However, notwithstanding appellant's failure to object to the magistrate's decision, the judgment of the probate court is still reviewable for plain error. *See State ex rel. Anderson v. Chambers-Smith*, 168 Ohio St.3d 283, 2022-Ohio-2844, 198 NE.3d 97, ¶ 7, citing Civ.R. 53(D)(3)(b)(iv) and *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 354, 2019-Ohio-933, 126 N.E.3d 1122, ¶ 5 (stating that the appellant waived any challenge to the lower court's adoption of the magistrate's decision on appeal by failing to file timely objections, but indicating that "[w]e therefore review the court of appeals' judgment only for plain error"); *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 9, citing *Hunley* at ¶ 5 ("Pursuant to Civ.R. 53(D)(3)(b)(iv), Neguse's failure to object to the magistrate's decision bars him from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate. Accordingly, we limit our review to plain error."); *Wilson v. Wilson*, 2018-Ohio-3820, 111 N.E.3d 110, ¶ 27 (6th Dist.) ("Pursuant to Civ.R . 53(D)(3)(b)(iv), Neguse's failure to object to the magistrate's decision bars him from 'assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion' of the magistrate. Accordingly, we limit our review to plain error."). Therefore, we will proceed to review the judgment of the probate court for plain error.

8.

{¶ 20} "[I]n order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 40. We "must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶ 21} Here, we do not find that the trial court deviated from any legal rule or committed any obvious errors. In her brief to this court, appellant asserts that the trial court's judgment in favor of appellees was erroneous because the claims she raised in her complaint in the general trial division of the Sandusky County Court of Common Pleas should not have triggered the in terrorem clause in David's last will and testament. According to appellant, her complaint did not seek to contest the will, but merely sought a "clarification on specific provisions in the Will. The validity of David's Will was not, and never has been, challenged." Appellant goes on to state that her complaint "sought only the proceeds she was rightfully entitled to from David's life insurance policy."

{¶ 22} We find that appellant's argument is belied by the express language she used in the complaint she filed in general trial division. The in terrorem clause in

9.

David's last will and testament is triggered whenever any beneficiary contests "in any court any provision" of the will. While the majority of appellant's complaint focused on her entitlement to all of the proceeds from David's Motorists life insurance policy, the life insurance policy was not the sole subject of the relief appellant requested. Appellant also alleged in her complaint that the prenuptial agreement "clearly implies that [she] has an equitable (one fifth) interest in the marital residence," and appellant expressly sought a determination from the court that she was the owner of a 20 percent equitable interest in the marital residence.

{¶ 23} Under David's last will and testament (as well as the prenuptial agreement), appellant is merely granted a life estate in the marital residence upon David's death. She is not entitled to any ownership interest in the marital residence. Thus, in seeking an order from the general trial division that she is a partial owner of the marital residence, appellant sought to *alter* David's last will and testament, not simply clarify it.

{¶ 24} In short, the trial court did not deviate from any legal rule or commit an obvious error when it adopted the magistrate's decision finding that appellant's filing of her complaint triggered the application of the broadly worded in terrorem clause in David's last will and testament. Consequently, we find no plain error in this case, and appellant's sole assignment of error is not well-taken.

10.

## III. Conclusion

**{¶ 25}** In light of the foregoing, the judgment of the Sandusky County Court of Common Pleas, Probate Division, is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Stephen W. Powell, J.

_____

Robert A. Hendrickson, J.          JUDGE
CONCUR.

_____
JUDGE

Judges Stephen W. Powell and Robert A. Hendrickson, Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.